## BOYD v. THE CEDAR RAPIDS INS. CO.

1. **Fire Insurance:** NON-PAYMENT OF PREMIUM NOTE: SUSPENSION OF POLICY: LAWS OF 1880, CHAP. 210: WAIVER. Before a fire insurance company can suspend a policy on account of the non-payment of a premium note, it must, under chapter 210, Laws of 1880, not only give thirty days notice to the assured of its intention to suspend in case payment is not made, but must also notify the assured of the amount required to pay the customary short rates, including the expense of taking the risk, up to the time of the proposed suspension; and the insured does not waive the failure to give such notice by applying for an extension of time on the note.

2. ———: WAIVER OF PROOFS OF LOSS. An unqualified refusal of a fire insurance company to pay a loss, based upon facts within the company's knowledge, and made under such circumstances as to justify the insured in believing that the rendition of proofs would be a vain act, and that they would not be examined, is equivalent to an express agreement of waiver, even though the obligation to make such proofs is imposed by statute as well as by contract.

*Appeal from Page District Court.*

TUESDAY, DECEMBER 14.

ACTION to recover upon a policy of fire insurance. There

| | |
|---|---|
| 70 | 325 |
| 85 | 242 |
| 85 | 589 |
| 70 | 325 |
| 94 | 363 |
| 70 | 325 |
| 98 | 70 |
| 70 | 325 |
| 106 | 566 |
| 70 | 325 |
| 108 | 389 |
| 108 | 390 |
| 70 | 325 |
| 109 | 524 |
| 70 | 325 |
| 116 | 373 |

was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Deacon & Smith*, for appellant.

*Stockton & Keenan*, for appellee.

ADAMS, CH. J.—The defendant set up as a defense that the plaintiff, at time of the loss, was in default by reason of the non-payment of his note given for the premium on the policy; and also that the plaintiff had failed to serve upon the defendant proofs of the loss, as required by the policy. The two matters of defense will be considered in their order.

I. The policy provides that "the company shall not be liable for any loss or damage that may occur to the property

1. FIRE insurance: non-payment of premium note: suspension of policy: Laws of 1880, chap. 210: waiver.

herein mentioned while any promissory note given for the premium remains past due and unpaid." The facts relied upon by the defendant appear to be that prior to the loss the plaintiff had given his promissory note for the premium, and

that the same was past due and unpaid at the time of the loss. The plaintiff claims however, that, notwithstanding such fact, the policy was not suspended, because the defendant had not given the notice required by the statute as a condition precedent to the exercise of its rights to declare the policy suspended. The provision of statute upon which the plaintiff relies is to be found in chapter 210 of the Acts of Eighteenth General Assembly, and is in the words: "Within thirty days prior to, or at any time after, the maturity of any note or contract, 　＊　　＊　　＊　　where the time of payment is fixed in the contract given for the premium on any policy of insurance, such company or association shall serve a notice in writing upon the insured that his note, or any installment thereof, is due, or to become due, 　＊　　＊

＊　and that, unless payment is made within thirty days, his policy will be suspended. The company or association may state in said notice the amount which will be due

on the note or contract, and also the amount necessary to pay the customary short rates, including the expense of taking the risk, up to the time the policy will be suspended, under the notice, in order to cancel the policy."

The evidence tended to show that the defendant gave the plaintiff notice of the maturing of his note within the time provided by statute, and more than thirty days before the loss, and that the note remained unpaid at the time of the loss. It does not appear, however, that the notice contained any statement of the amount necessary to pay the customary short rate, in order to cancel the policy. But the defendant insists, in the first place, that, under the statute, it was not necessary that the notice should contain such statement; and, in the second place, that, if the notice should have contained such statement, it was waived by plaintiff, because he applied for an extension of time on his note, which application was inconsistent with a desire to pay the short rate and let his policy be canceled.

As to the necessity of such statement in the notice, it is to be observed that the statute provides that the company *may* state in the notice the amount necessary to pay the customary short rates, etc. The defendant insists that the provision is merely permissive, and not obligatory, as shown by the use of the word "may." But, in our opinion, this position is not sound. The object of the provision is to give the defendant a right to declare the policy suspended. Nothing is, in fact, obligatory; not even the giving of notice of the maturing of the notes, unless the company desires to declare the policy suspended. Viewing the matter in this light, we see nothing inconsistent in the legislature's providing what the company *may* do as a condition precedent to the exercise of such right. If it does nothing, the policy simply remains in force, and the note given for the premium remains in force. The company may prefer this, rather than take any step with a view to suspension, because the insured, if he should not be able to pay his premium note, and should

see that his policy is about to be suspended, might prefer to demand cancellation, and escape by payment of the short rate. But where the company prefers to take steps with a view to suspension, it is proper that the insured should be informed as to what the short rate would be, that he may know what his rights are, and what his interest requires him to do under the circumstances.

It is insisted by the defendant that the difficulty of determining, with accuracy, what the amount would be which it would be necessary for the insured to pay, in order to cancel, is so great that it would be a hardship on the company to require it to state the exact amount in the notice, in order to give it a right to declare a suspension. It is not to be denied that, whatever amount might be stated, the insured would have a right to contest the amount, if he desired to cancel, and perhaps, if the amount which should be stated in a notice should be too large, such statement would not be deemed a proper compliance with the statute. But the statute certainly contemplates that it can be stated, and we do not think that the company's right to declare a suspension so very important to it that we should be justified in giving much weight to the defendant's argument based upon this ground.

Having reached the conclusion that the defendant should have embraced in its notice to the plaintiff a statement of the amount of the short rate, etc., we come to consider whether the plaintiff is in a position to take advantage of this defect after having applied for an extension. On this point we have to say that we are unable to see that the application indicates anything except that the insured felt unable to pay at that time, and wished to continue, if he could be indulged with an extension. He was not in fact indulged, and the circumstances were apparently such as to render it peculiarly proper that he should be promptly informed of the conditions upon which he might have cancellation. In our opinion, then, the fact that the plaintiff applied for extension is not one which can aid the defendant.

II. We come next to consider the alleged want of proof of loss. It may be conceded that there was a want of such proof. But the plaintiff claims that the defendant waived proof of loss by its unqualified refusal to pay, based upon facts within its own knowledge. He relied upon *Keenan v. Missouri State Ins. Co.*, 12 Iowa, 126, and *Carson v. German Ins. Co.*, 62 Id., 433. The rule as contended for is not denied by the defendant, but its position is that it has no application to this case, because the plaintiff's obligation to serve proofs did not rest alone upon the contract between the parties, as in the cases relied upon, but upon the statute. In our opinion, however, the defendant's position cannot be sustained. Proofs of loss, where made, are solely for the benefit of the company. We think that the company might waive what is solely for its benefit, whether the same is provided for by contract or statute. Would there be any doubt about this if there had been an express agreement of waiver? But an unqualified refusal to pay, based upon facts within the company's knowledge, and made under such circumstances as to justify the insured in believing that the rendition of proofs would be a vain act, and that they would not be examined, has, we believe, always been considered equivalent to an express agreement of waiver.

We see no error, and the judgment must be

AFFIRMED.

*2. ———: waiver of proofs of loss.*