DUNCAN McMARTIN *vs.* CONTINENTAL INSURANCE COMPANY OF NEW YORK.

July 8, 1889.

Insurance—Waiver of Breach of Condition.—Evidence considered, and *held* insufficient to show à waiver of a breach of a condition in a policy of insurance.

Appeal by plaintiff from an order of the district court for Dodge county, *Buckham*, J., presiding, refusing a new trial after a dismissal ordered at the trial at the close of plaintiff's case.

*Geo. B. Edgerton*, for appellant.

*A. C. Hickman*, for respondent.

GILFILLAN, C. J. Action on a fire-insurance policy. The policy was for five years, commencing April 22, 1883. The premium was $6.50 per year,—the first $6.50 being paid at the issuance of the policy; the remainder secured by the note of the insured, payable in instalments of $6.50 each, on the 1st day of May, in the years 1884, 1885, 1886, and 1887. The policy, and also the note, contained a condition to the effect that, if default should be made in the payment of any of such instalments, the liability of the company on the policy should cease and remain suspended during the continuance of such default; and on payment of the instalment as to which there should have been a default, the liability should reattach and be in force only from the time of such payment. The instalments for 1884 and 1885 were paid. Those for 1886 and 1887 were not paid, nor did the insured offer to pay them until after the fire, which took place February 7, 1888. The defendant relies on the default as a defence. To avoid its effect, plaintiff claims that at the time of

making the application for the policy he was informed by the agents of the company that he should have notice from it when each instalment should become due, and that, relying on that and receiving no notice, he did not pay the instalments, and he made default for no other reason; and on the trial he gave evidence in support of that claim. But, without determining whether this matter would in any event excuse the default, he in his testimony admitted that in November, 1887, he received notice of the default in the last two instalments. He does not seem to have taken any steps in regard to this notice, except to deny to the company that he owed it anything. He gives no adequate reason for disregarding the notice. He could not expect the company to do more than call his attention to the fact, and it was then his business to ascertain if it was the fact.

He also claims that after the fire the company waived the breach of condition, but the evidence in support of this claim was entirely insufficient. His evidence was that after the fire he went to one Dresbach, who appears to have been a local agent of the company, and told him of the fire, and Dresbach advised him to pay the instalments, saying to him that he (Dresbach) thought he (plaintiff) would be all right with the company. Plaintiff thereupon sent an agent of his to one Anderson, an agent of the company, who had the note to collect for it, and his agent paid the note to Anderson. But plaintiff's agent, being asked by Anderson, at the time of making the payment, if there had been any loss, said not that he knew of. The money was remitted to the company, and by it returned to plaintiff. In this there is nothing to prove a waiver. Dresbach did not assume to determine that the company would or would not insist on the breach of condition, and Anderson received the money, not merely under a suppression of the truth, but under what was equivalent to an affirmative misrepresentation of the fact. And there was nothing in it that would serve as a basis to estop the company, whatever plaintiff might afterwards do in the way of preparing formal proofs of loss. No one can base an estoppel upon an act of the opposite party induced by his own fraud. The court below was right in dismissing the action.

Order affirmed.