JAS. R. MORROW, Appellant, v. DES MOINES INSURANCE.
COMPANY, Appellee.

Fire Insurance: PREMIUM: DEFAULT IN PAYMENT: WAIVER: CANCELLA-
TION OF POLICY. In consideration of a policy of insurance, the plain-
tiff made to the defendant five promissory notes for the premium.
thereon, the first of which was payable December 1, 1887, and a like
amount upon the first day of February of each subsequent year. In
February, 1888, the plaintiff remitted the amount of the first note,
with the statement that it was impossible for him to remit sooner, and.
asking upon what terms the policy could be canceled. The defendant
replied on February 7, 1888, that the cancellation of policies was very
expensive to the assured, that they were disposed to take care of their
patrons, and that if the plaintiff's only reason for asking the cancella-
tion was because he found it burdensome to pay the premium at
maturity, they would endeavor to make it possible for him to pay it.
without inconvenience, if he would take the trouble to notify them in
advance of the maturity of his note, and calling their attention to this
letter. The plaintiff's second note was paid long after maturity, and
payment accepted. On February 11, 1889, after the plaintiff's third.
note became due, the defendant notified the plaintiff that unless the
same was paid within thirty days his policy would be suspended
according to the provisions of chapter 210 of Laws of the Eighteenth
General Assembly. The plaintiff replied by letter that he would be-
unable to pay the note within sixty days, and called attention to the
defendant's former letter. The note referred to was not paid, and no-
further communication passed between the parties until April 13, 1889,
when the plaintiff served the defendant with proofs of loss. The.
policy issued to the plaintiff provided that the defendant would not.
be liable for any loss occurring when any obligation given for the
premium remained due and unpaid. *Held*, that such provision of
the policy was not waived by the statements contained in the
defendant's letter of February 7, 1888.

*Appeal from Mahaska District Court.*—HON. J. K.
JOHNSON, Judge.

FRIDAY, JANUARY 22, 1892.

ACTION on a policy of insurance. A demurrer to
the reply was sustained, and judgment rendered in
favor of the defendant for costs. The plaintiff appeals.
*Affirmed.*

*Bolton & McCoy*, for appellant.

*Cole, McVey & Cheshire*, for appellee.

ROBINSON, C. J.—The pleadings show the following facts:    In February, 1887, the defendant issued to the plaintiff the policy in suit.    It purported to insure him against loss by fire on a barn and contents therein described to the amount of twenty-one hundred dollars for the term of five years.    Installment notes for the premium were given, which required the payment of twenty-four dollars on the first day of December, 1887, and a like amount on the first day of February in each subsequent year, until the full amount of one hundred and twenty dollars should be paid.    The policy contained this provision:    "The company will not be liable for any loss or damage that may occur at any time when any obligation given for the premium remains past due and unpaid."    The installment of premium due December 1, 1887, was not paid until February, 1888.    On the fourth day of the month last named, the plaintiff remitted the amount of the first installment, with a letter of which the following is a copy:

" WHITE OAK, IOWA, February 4, 1888.
" *Des Moines Insurance Co., Theo. F. Gatchel, Sec'y.*

"SIR:—Please find inclosed post-office order for twenty-four dollars and sixteen cents for the first note, which please return to me, and excuse delay, for I assure you it was impossible for me to remit sooner, for times are very hard for me to get money this winter.    Please send the very best terms you will cancel my policy on, for I wish to cancel, for it is very hard for me to raise money now; so I wish to settle up and quit, if I can, honorably.    Hoping to hear from you soon, I remain yours,    JAS. R. MORROW.

" P. S.    If the within is not satisfactory, please notify me."

In reply to that letter the defendant wrote the following:

"Des Moines Fire Insurance Co.,

"Des Moines, Iowa, February 7, 1888.

"*James R. Morrow, White Oak, Iowa.*

"Dear Sir:—I have your favor of the fourth inst., with remittance of twenty-four dollars and sixteen cents in payment of one of your notes given for policies Nos. 43,610 and 12. The note will be duly canceled and forwarded to you from the note department. In reply to your letter will say that the earned premium due on your policies as provided by law is forty-two dollars and sixty-four cents in addition to the amount you have already paid. The cancellation of policies is unavoidably very expensive to the assured, for the reason that the entire expense for the whole five-years term is paid out in cash by the company before the policy reaches the assured. This expense must be included in the earned premium whenever the policy is canceled. We are disposed at all times to take care of our patrons. If your only reason for requesting cancellation of your policy is the fact that you find it burdensome to pay your premium at maturity, we will endeavor to make it possible for you to pay it without inconvenience, if you will take the trouble to drop us a postal in advance of the maturity of your note, and calling attention to this letter, giving date: Very truly yours,

"Theo. F. Gatchell,

"Secretary."

At the time the first installment was received by the defendant, the second one was due, but was not paid until the twelfth day of May, 1888. On the eleventh day of February, 1889, the defendant sent to the plaintiff a letter of which the following is a copy:

"*Jas. R. Morrow, White Oak, Mahaska County, Iowa.*

"Dear Sir: Your note No. 43,610 and 12 1-2, which we accepted of you for your insurance, was due February 1, 1889, and is still unpaid. Principal,

$24; interest, .12; total, $24.12. Please remit at once by draft or post-office order. Unless your note is paid within thirty days from date of this notice, your policy will be suspended, according to the provisions of chapter 210, Laws of 1880, and we will be compelled to place your note in the hands of an attorney for collection; thus making you additional expense, which I trust you will avoid, as I can assure you it is a very objectionable duty for me to be compelled to take such steps in the matter. As we accepted your note on your reputation for promptly paying your obligations, and have given you the indemnity you applied for, I trust you will save yourself the additional expense, and me an unpleasant duty, by giving this matter your prompt attention.

"Very truly yours,

"THEO. F. GATCHELL,

"Secretary."

On the back of that letter was the following: "Notice required by law. The following figures are given to conform to and satisfy the requirements of the statute passed by a recent legislature, which also requires us to transmit this notice by registered letter as a protection to the company. If you desire to cancel this policy on or before March 11, 1889, it will be necessary for you to pay short rates and expenses, which amount to $40.40, and send your policy with such remittance; but if you wish to keep your policy and continue your insurance until its expiration, send the amount stated on the other side of this circular."

"THEO. F. GATCHELL,

"Secretary."

On or about the nineteenth day of February, 1889, and after receiving the letter and notice, the plaintiff wrote to the defendant that he was unable to pay the installment then due, and could not pay it within sixty days, and calling attention to the letter of February 7, 1888, giving its date. His letter was not answered,

and the installment was not paid. On the first day of April, 1889, the property in question was destroyed by fire, and on the thirteenth day of that month proof of loss was duly served on the defendant. In response to demand for payment of the loss, the defendant wrote to the plaintiff as follows: "For any loss that occurred under our policy No. 43,612, issued to Jas. R. Morrow, after the date of March 12, 1889, this company is not liable."

The plaintiff alleges in his pleading, and now insists, that he relied upon the letter of February 7, 1888, and upon the acceptance by the defendant of premiums long after they were due, as a waiver of that clause in the policy which provided that the company should not be liable for any loss which should occur while any part of the premium was due and unpaid. The part of the letter in question upon which the plaintiff especially relies is the last paragraph. But, in our opinion, that does not authorize the interpretation which he seeks to place upon it. It expresses a disposition "to take care" of the patrons of the company, and contains a promise to "endeavor" to make it possible for the plaintiff to pay the premium without inconvenience, on two conditions. The first of these was that the only reason for requesting a cancellation was that it was burdensome to pay the premiums at maturity, and the other was that the plaintiff should notify the company of his desires in advance of the maturity of his note. There is no unconditional promise to extend the time of payment in any event, and what the defendant proposed to endeavor to do in order to make an extension possible is not disclosed. The determination of that appears to have been left until the extension should be asked. Certainly there is nothing in the letter from which the plaintiff could reasonably infer that an extension would be granted upon a mere notice that it

FIRE insurance: premium: default in payment: waiver: cancellation of policy.

was desired. The fact that the letter refers to the cancellation of policies as necessarily expensive, and the further fact that the defendant did not by affirmative action cancel the policy, but, on the contrary, received premiums after they were due, do not aid the plaintiff. By the terms of the agreement between the parties the defendant was not liable for loss which might occur when any installment of the premium should be due and unpaid.

Chapter 210 of the Acts of the Eighteenth General Assembly required thirty days' notice to be given the plaintiff of the maturity of the payment before the policy should be suspended for non-payment. That notice was given, and was effectual to suspend the policy. *Ross v. Hawkeye Insurance Co.,* 83 Iowa, 586. The statute referred to also provides that the assured may at any time before the cancellation of the policy pay to the insurance company the full amount due for premium, and that from the date of such payment the policy shall be revived and in full force. Therefore it was optional with the defendant to permit the policy to remain uncanceled, and to accept payments when made, without waiving its right to insist upon prompt payment at any time thereafter.

The notice of February 11, 1889, informed the defendant in terms that unless he paid the amount stated within thirty days from that date, his policy would be suspended. His communication to the defendant, informing it that he could not pay at that time, was unanswered, and the fact that he sent it gave him no ground for believing that the desired time would be granted. He alleges that he was poor and an inferior scholar, and compelled to rely upon others for information in regard to the transaction of business which required correspondence, but it is not shown that he was misinformed by anyone, nor that the defendant in any manner deceived him.

We conclude that the pleadings of the plaintiff do not show a cause of action against the defendant, and that the demurrer to the reply was properly sustained. AFFIRMED.