O. S. MARDEN, Appellee, v. HOTEL OWNERS' INSURANCE COMPANY, Appellant.

1. **Contracts:** INSURANCE: CONFLICT OF LAWS: FORFEITURE. A policy of insurance issued in this state to a citizen of Nebraska, in pursuance of an application received in the latter state, where also the premium note was made, but dated as having been made in Iowa, and made payable here, and which policy is by its terms made payable in this state, is an Iowa contract, and is to be construed and enforced according to the laws of this state.

2. **Insurance:** LOSS: PAYMENT OF PREMIUM. The provision in a policy of insurance that, the insurer shall not be liable for any loss or damage that may occur while any pledge or assessment given for said insurance remains due and unpaid, will not relieve the insurer from liability for a loss occurring thereunder after the premium note becomes due, and before payment, as, under the provisions of chapter 210 of Acts of the Eighteenth General Assembly, a policy can only be declared forfeited, for the non-payment of a premium note, by the service of notice in writing upon the insured that unless his note is paid within thirty days his policy will be suspended. A notice threatening suit on such note, if payment is not made, is not a compliance with the requirements of such statute.

*Appeal from Union District Court.*—HON. JOHN W. HARVEY, Judge.

WEDNESDAY, MAY 25, 1892.

THIS is an action on a policy of insurance against loss by fire. There was a demurrer to the answer, which was sustained. The defendant elected to stand on its answer, and judgment was rendered against it, and it appeals.—*Affirmed.*

*McDill & Sullivan,* for appellant.

*T. M. Stuart* and *F. Q. Stuart,* for appellee.

ROTHROCK, J.—It will not be necessary to set out the petition, answer, and demurrer in order to present the questions involved in the appeal. The material facts as shown by the pleadings are as follows: The policy, or so much of it as is necessary to be considered, is as follows:

"No. 178.                              $2,500.00.

"The Hotel Owners' Insurance Company, Mutual, of Creston, Iowa, organized in 1889, in consideration of premium note of fifty dollars, on which I agree to pay all sums of money that may be assessed by the directors thereof, not exceeding the full amount of said note in any one year, do hereby insure O. S. Marden against loss or damage by fire to the amount of twenty-five hundred dollars only on the property below described, [here follows a detailed description of the property, all situated in the town of Kearney, Neb.; application referred to and made a part of this contract,] from January 1, 1890, at noon. Policy self-renewing at each anniversary. Payment of premium to be made on demand, according to the terms of the premium note given to secure the issuance of this policy, which note also renews itself at each anniversary of its date. * * *

Be it expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any pledge or assessment given for said insurance, or any part thereof, remains due and unpaid.  *  *  *  This contract is made and accepted subject to the above conditions. Witness the seal and signature of the president and secretary of said association at their office in the city of Creston, Iowa, this first day of January, 1890.

"[Attest]                                 GEO. J. DELMEGE,
"JOHN GIBSON, President.              Secretary."

The plaintiff gave a promissory note for the insurance premium, which note is as follows:

"No. 178.                                           $50.00"
                 "CRESTON, IOWA, January 1, 1890.

"March first, after date, for value received, I promise to pay to the order of the Hotel Owners' Mutual Fire Insurance Company, at their office in Creston, Iowa, fifty dollars. It is hereby expressly agreed that this note is liable to assessments only for losses and expenses of said company during the life of said policy. Does not bear interest, and is not negotiable. That the cancellation of the policy of even number and date herewith, according to its terms, also cancels this note. That eighty per cent. only of the amount of note will be collected annually. This note is given in payment of premium for policy of insurance No. 178, of even date herewith, issued to O. S. Marden by the Hotel Owners' Mutual Fire Insurance Company; and I promise that this note shall renew itself on each anniversary of its date, subject to the payments made and to be made, and paid annually thereafter, on demand, on each anniversary of its date, so long as the policy aforesaid, which renews itself, with all its terms and conditions on the anniversary of its date, shall continue and remain in force.                          O. S. MARDEN.

"Witness:    GEO. J. DELMEGE."

It is conceded that eighty per cent. or forty dollars of this note became due and payable on the first day of March, 1890. It was not paid when due, and on the tenth day of that month the secretary of the defendant company wrote and mailed a letter to the plaintiff, notifying him that if he did not remit promptly suit would be commenced on the note at once. The plaintiff received said letter,. and replied that according to his recollection he was to pay the note April 1, 1890, but that if he were in error about the time he would remit if the defendant would at once advise him. This letter was written and mailed at Boston, Massachusetts, on March 17, 1890. The property insured by the policy was destroyed by fire on the morning of March 24, 1890, and on the same day the plaintiff telegraphed the sum of forty dollars to the defendant's credit to the Creston National Bank for the payment of the premium. The money was received by the defendant, and on the same day a receipt therefor was mailed to the plaintiff. The defendant had no knowledge that the property was destroyed when the money was received, and when that fact came to the knowledge of its officers the money was returned to the plaintiff on the claim made by the defendant that the policy was forfeited, because the premium was not paid when due.

I. It appears that the plaintiff was a resident of Kearney, in the state of Nebraska, and that the defendant is an Iowa corporation, with its principal place of business at the city of Creston. It was not authorized by the laws of Nebraska to insure property in that state. The secretary of the defendant was in the city of Kearney, and solicited the plaintiff to insure his property, and an application was prepared and signed, and the note for the premium executed at that place, and the note and application were sent to the

1. CONTRACTS: insurance: conflict of laws: forfeiture.

home office at Creston, from which place the policy was issued. The following is one of the grounds of the demurrer: "The policy sued on, and the facts stated in the answer, show that the contract of insurance was made in Iowa; that the money to be paid thereon was to be paid in Iowa; and that it was and is an Iowa contract, and must be construed and enforced as an Iowa contract." We have set out this ground of demurrer for the reason that in our opinion it is decisive of the rights of the parties. It is strenuously contended by counsel for the appellant that the contract of insurance entered into by the parties is a contract which was made in Nebraska, and that it cannot be controlled or limited by the laws of Iowa. We think that under the facts above set forth the contract was made and completed in this state, and must be controlled by our laws. The note for the premium was dated and made payable at Creston. The policy was executed, dated and sealed in Iowa. The suit is based upon the policy, and is brought in this state, and the policy is not payable at Kearney, but in this state. All of the acts of the parties indicate that the contract was intended to be made and performed in this state. There was no completed contract in Nebraska. It was a mere verbal arrangement or agreement to issue a policy in Iowa. The policy having been issued in pursuance of the verbal arrangement, the contract was executed and to be performed in this state, and it is to be construed and controlled by our laws. *Arnold v. Potter*, 22 Iowa, 194; *Ruse v. Mutual Benefit Life Ins. Co.*, 23 N. Y. 516; 2 Parsons on Contracts, p. 582.

II. It remains to be determined whether, under the facts above recited, the policy ceased to be binding upon the defendant under the laws of this state. It is provided in chapter 210 of the Acts of the Eighteenth General Assembly that "within thirty days prior to or at any

2. INSURANCE: loss: payment of premium.

time after the maturity of any note or contract, * · * *
where the time of payment is fixed in the contract
given for the premium on any policy of insurance,
such company or association may serve a notice in
writing upon the insured that his note, or an install-
ment thereof, is due or to become due, * * · * and
that unless payment is made within thirty days his
policy will be suspended." The defendant did mail a
notice to the plaintiff on the first day of February,
1890, stating that the sum of forty dollars should reach
the home office not later than March 1, 1890. But the
notice was not a compliance with the law, in that it
did not state that if payment was not made the policy
would be suspended, and the provision in the policy
that the defendant "shall not be liable for any loss that
may occur while any pledge or assessment given for
said insurance, or any part thereof, remains due and
unpaid," cannot avail the defendant, because it is
expressly provided in the said act of the Eighteenth
General Assembly that a policy shall not be declared
forfeited or suspended for non-payment of a note or
contract for the premium "except as hereinafter pro-
vided, anything in the policy or application to the
contrary notwithstanding." As we have seen, one of
the requirements of the act is that the notice shall state
that, if payment be not made, the policy will be sus-
pended. The statute is absolute, and its provisions
must be complied with in order to suspend a policy
for the non-payment of the premium. See *Boyd v.
Cedar Rapids Ins. Co.*, 70 Iowa, 325. It is apparent
that the defendant did not contemplate a suspension of
the policy when the first notice was given, because,
after the note became due, and on March 10, 1890,
another demand was made, which was in no manner
the demand required by statute. Instead of giving
notice of a suspension of the policy in the event of

non-payment of the premium, it advised the plaintiff that suit would be commenced on the note.

Our conclusion is that the demurrer to the answer was rightly sustained.    AFFIRMED.