SARAH A. SMITH, Appellant, v. CONTINENTAL INSURANCE COMPANY.

**Insurance:** RIGHT TO PROCEEDS. Under a policy insuring a dwelling house and household furniture against fire, in which the insurer consents that the loss on buildings shall be payable to the mortgagee as his interest may appear, the insurance on the personalty belongs to the insured.

**FORFEITURE:** *Homestead.* A policy of insurance on real property having a provision that it shall be null and void if the property become mortgaged or incumbered, is not forfeited because of judgments rendered where the insured property is a part of the homestead, as the lien of the judgments did not attach thereto.

WAIVER OF PROOF OF LOSS    An insurance company has power to waive proof of loss notwithstanding the stipulation in the policy that no agent or employe of the company or any other person or persons than the general manager of western department, shall have authority to waive or alter any of the terms or conditions of the policy.

RULE APPLIED. An installment of an insurance premium being unpaid, the insurer wrote insured, requesting payment, and again wrote that, though the insurance was suspended because of the non-payment of the installment, he had better pay it and revive the policy. Insured having sent the installment immediately after the loss, the insurer returned it; stating it could not retain it, as the payment was delinquent when the loss occurred. Shortly thereafter insurer wrote insured's attorney that it had complied with the law as to the collection of premium notes, and wrote its soliciting agent, in answer to a letter written in the interest of insured, stating it had not given the loss any attention, because installment had not been paid. *Held*, to authorize a finding of waiver of proof of loss.

EVIDENCE. Letters in the name of an insurance company and signed in its name by one who assumes to be its general adjuster, written in response to letters written by the company with reference to a loss, will be presumed to have been duly authorized by the company.

RULE APPLIED. A fire insurance policy stipulated that no one but the general manager of the company could waive conditions. After default in an installment of the premium, such officer wrote insured, requesting payment, and stating that the policy was suspended. A loss occurred while the default existed, and thereafter, in response to letters received, letters were written in the name of the company, signed by the general adjuster, which denied liability because of non-payment of the premium, thereby waiving proof of loss. *Held*, that it would be presumed that the company duly authorized such letters.

PAYMENT AFTER LOSS. Offer by insured, after loss, of premium, which insurer refused to accept, and which insured knew before the loss was due and unpaid, gives him no right to recover.

ACTION ON POLICY: *Beneficiary.* One to whom a policy of insurance is issued, may maintain an action thereon although the loss is made payable to the mortgagee, as his interest may appear, in view of Code 1873, section 254, providing that a party with whom or in whose name a contract is made for the benefit of another, may sue in his own name, without joining with him, the party for whose benefit the suit is prosecuted.

DEFENSES: *Pleading.* Under Code, 1873, sections 2715, 2717, (Code, sections 3626, 3628), allowing a party to allege generally perfor-

mance of conditions precedent but requiring one controverting such allegation to state specifically the facts relied on, where insured, suing for a loss, alleges compliance with the policy and the law, the insurer, in order to avail himself of the defense that insured failed to submit to an appraisal as required by the policy, must specially allege such fact.

**Appeal:** OBJECTION BELOW. An insurance company which failed to plead specially the failure of plaintiff to submit to an appraisal under the terms of the policy, cannot, for the first time on appeal, insist upon such failure as a defense.

NOTICE OF SUSPENSION. Acts First General Assembly, chapter 210, provided that an insurer may within thirty days prior to, or at any time after maturity, or of an installment thereof, serve a written notice on insured, personally or by registered letter, and that no policy should be suspended for non-payment of the amount until thirty days after such notice had been served. *Held,* that where insurer mailed a notice in a registered letter, on which he requested a return if not delivered within fifteen days, and, because of its return, insured did not receive it, the policy was not suspended, though, in returning it, the postmaster violated the regulation requiring registered letters to be kept at the delivery postoffice thirty days.

SAME. Acts Eighteenth General Assembly, chapter 210, provides that an insurer may give notice to insured of maturity of a premium, or installment thereof; the notice to state the amount due, or which will be due, and also the amount required the pay customary short rates and expenses in order to cancel the policy; which will not be suspended until 30 days after such notice was served. *Held,* that a notice by an insurer, who had issued two policies to one person, stating the aggregate amounts required to cancel both policies and to pay the premiums due on both, was insufficient to suspend one of the policies.

*Appeal from Calhoun District Court.*—HON. S. M. ELWOOD, Judge.

MONDAY, MAY 15, 1899.

ACTION at law to recover an amount alleged to be due on a policy of insurance. A jury was impaneled, a verdict was directed for the defendant, and a judgment was rendered in its favor for costs. The plaintiff appeals.—*Reversed.*

*Hutchison & Jacobs,* for appellant.

*Stevenson & Lavender,* for appellee.

ROBINSON, C. J.—The policy in suit purports to insure the plaintiff against loss or damage by fire, to the amount of four hundred dollars, on a dwelling house, and three hundred dollars on furniture and other household property, for the term of five years from the sixth day of February, 1892. On the twenty-fifth day of January, 1896, the dwelling house and nearly or quite all of the personal property insured were destroyed by fire; and the plaintiff seeks to recover, on account of the loss sustained, the amount of the policy. The answer denies all liability, and pleads various defenses. The verdict was directed on the motion of the defendant.

I. It is alleged as the first ground of the motion that the plaintiff is not the real party in interest. That ground is based upon the fact that the policy provides that the defendant "consents that the loss, if any, on buildings under this policy, after the same shall have been ascertained, and duly verified by the assured, shall be payable to Edward Bremer, mortgagee, as his interest may appear, for and on account of said assured." That provision did not give to Bremer any interest in the insurance on the personal property, and the plaintiff is the owner of that, and entitled to any recovery on account of it which the policy authorized. Section 2544 of the Code of 1873, which was in force when this action commenced, provided that a party with whom or in whose name a contract is made for the benefit of another might sue in his own name without joining with him the party for whose benefit the suit would be prosecuted. That was construed in *Stevens v. Insurance Co.,* 69 Iowa, 658, and held to authorize a suit by the assured to recover insurance pledged to a mortgagee. It is true, the mortgagee intervened in that case, but the right of the assured to maintain the action was not made to depend upon the intervention. The case of *Worley v. Insurance Co.,* 91 Iowa, 150, does not announce a contrary rule. We conclude that the plaintiff, if any one, is authorized to maintain this action.

II.   The second ground of the motion for a verdict is that certain installments of the premium note given by the plaintiff for the insurance were due and unpaid when the loss occurred.   The policy contains the following: "It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation, or part thereof, given for the premium, remains past due and unpaid.   Payments of notes must be to the Continental Insurance Company at its office in Chicago, Illinois, or its office in New York, or to an authorized person having such note in possession for collection.   The company may collect, by suit or otherwise, the premium note or notes; and a receipt from the office of the company must be received by the assured before there can be a revival of the policy, which shall in no event carry the insurance beyond the original term." It is admitted that at the time the loss occurred an installment of the premium note due on the first day of February, 1895, was unpaid.   But it is claimed that the defendant failed to comply with the statute of this state which applied to such cases, and, therefore, that the policy was not suspended by the nonpayment of the installment due.

Chapter 210 of the Acts of the Eighteenth General Assembly, in force when the policy in suit was issued and when the loss in question occurred, contains the following:

"Section 1.   In every instance where a fire insurance company or association doing business in this state shall hereafter take a note or contract for the premium on any insurance policy such insurance company or association shall not declare such policy forfeited, or suspended for nonpayment of such note or contract except as herein provided, anything in the policy or application to the contrary notwithstanding.

"Section 2.   Within thirty days prior to or at any time after the maturity of any note or contract, whether assessable or where the time of payment is fixed in the contract, given

for the premium on any policy of insurance, such company or association may serve a notice in writing upon the insured that his note or an installment thereof, is due, or to become due, stating the amount which will be due on the note or contract, and also the amount required to pay the customary short rates, including the expense of taking the risk up to the time the policy will be suspended under the notice in order to cancel the policy, and that unless payment is made within thirty days his policy will be suspended. Such notice may be served either personally or by registered letter addressed to the assured, at his postoffice address named in or on the policy, and no policy of insurance shall be suspended for nonpayment of such amount until thirty days after such notice has been served."

On the second day of January, 1895, the defendant mailed to the address of the plaintiff, in a registered envelope, a notice which stated that the fourth installment of her premium for insurance would fall due on the first day of February, 1895, that the amount required to cancel her contract for customary short rates and expenses was thirteen dollars and eighty-four cents and that the amount required to pay the fourth installment for insurance "under policy No. 580,757 & 8" was ten dollars and fifty cents. Ordinarily the service of the notice is complete when it is registered and mailed. *Ross v. Insurance Co.*, 83 Iowa, 586; *Holbrook v. Insurance Co.*, 86 Iowa, 255; *Morrow v. Insurance Co.*, 84 Iowa, 256. But in a corner of the envelope in which the notice in question was mailed to the plaintiff was printed the following: "Postmaster will oblige by facilitating delivery. If not delivered within fifteen days return to Continental Fire Ins. Company, Rialto Building, Chicago." The plaintiff offered to show that she did not receive the notice; that she called at the post office for mail after the expiration of the fifteen days specified on the envelope, but within thirty days from the time it was mailed; and that the reason she did not receive the notice was that it had been

returned to the defendant pursuant to the request on the envelope. But an objection to the offered testimony was sustained. We are of the opinion that the testimony should have been received. The law was designed to give to the assured at least thirty days from the mailing of the notice in which to receive it, and make the payment to which it referred. If the insurance company may shorten the time for delivery to fifteen days, it may as well shorten it to ten or five days. It is said the postal regulations required that registered letters be kept at the office of delivery thirty days, and that it must be presumed that the postmaster at that office discharged his duty, notwithstanding the request for return on the envelope. But, if the notice was returned to the defendant as requested, it cannot be heard to say that the return was in violation of law, and the plaintiff was entitled to prove the fact.

III. The notice sent was defective in substance. At the time the policy in suit, which is numbered B580,757, was issued, a policy, numbered B580,758, insuring the plaintiff against loss by tornadoes, was also issued by the defendant. The premium on the fire policy was to be thirty dollars; and on the tornado policy twenty-two dollars and fifty cents. For these amounts the plaintiff gave two notes—the first for ten dollars and fifty cents, and the second for forty-two dollars. The notice sent did not designate the amount required to pay the customary short rates, nor the amount of the installment about to fall due, on either policy, but stated that the fourth installment of "your premium for insurance" would fall due on the day specified, and the amount required "to cancel your contract" for customary short rates and expenses was thirteen dollars and eighty-four cents, and that the ten dollars and fifty cents were required to pay the fourth installment for insurance "under policy No. 580,757 & 8." It thus appears that the notice treated the two policies as one, although they were separate and distinct. The notice should have specified the amount required to cancel the policy in suit at the customary short rates, and

also the amount of the premium about to become due on account of it, in order to be effectual as a statutory notice. See *Marden v. Insurance Co.,* 85 Iowa, 584; *Harle v. Insurance Co.,* 71 Iowa, 401; *Boyd v. Insurance Co.,* 70 Iowa, 325. The defendant wrote to the plaintiff on the fifteenth day of February, 1895, and again a month later, calling attention to the installment due, and requesting payment, but the letters did not contain the information required by the statute. We conclude that the jury might have found that the notices given were not sufficient to terminate or suspend the policy.

IV. The next objection to a recovery made by the defendant is that the plaintiff failed to furnish it the proofs of loss required by statute. The plaintiff admits that such proofs were not furnished, but alleges that they were waived, in that the defendant refused to pay the loss, or any part of it, and claimed that the policy was suspended by reason of the nonpayment of premium due. No express waiver is shown, but it is insisted that the evidence would have authorized the jury to find an implied waiver. The facts relied upon to show the alleged waiver are substantially as follows: In the letter of February, 1895, the defendant called the attention of the plaintiff to the notice previously sent; stating the amount of the installment then due, and expressing a desire that it be sent. The letter did not contain any reference to the effect which the nonpayment of the installment would have upon the policy. In the letter of the next month the defendant stated that, "although the insurance is now suspended by reason of the delinquency [the failure to pay the installment due], it is for your best interest to pay now; thereby discharging a just obligation, and at the same time reviving your policy and securing the benefit your insurance affords." A few days after the loss occurred the plaintiff sent to the defendant the amount of the fourth and fifth installments, which was received by the defendant January 29, 1896. On the third day of February it received

notice of the loss, and on the sixth returned the money in a letter which referred to the loss, and the date on which it occurred, and then stated: "Your premium, the fourth installment of which fell due February 1, 1895, was therefore delinquent at the time the loss occurred, for which reason we are unable to retain the money received, and return the same amount, twenty-one dollars, in currency herewith." On the eighteenth day of the same month it wrote to an attorney for the plaintiff, apparently in answer to a letter received from him, stating in substance that it knew and had complied with the laws of this state which govern the collection of premium notes. Three days later it wrote to its soliciting agent at Lake City, Iowa, in answer to a letter he had written in the interest of plaintiff, in which it stated that the matter of the loss had not received attention, because the fourth installment of premium had not been paid when the loss occurred. In June, 1896, the defendant again wrote to the attorney for the plaintiff, and stated, in effect, that it would not pay the loss, because the fourth installment was delinquent when the loss occurred. Although this was the first letter in which the defendant denied liability in terms, yet the jury would have been authorized to find from the preceding letters that the defendant refused payment of the loss on the ground that the policy was suspended in consequence of the failure of the plaintiff to pay the fourth installment of the premium. If it did refuse payment on that ground, the jury may well have found that proof of loss was waived. *Boyd v. Insurance Co.,* 70 Iowa, 325; *Carson v. Insurance Co.,* 62 Iowa, 433; *Keenan v. Insurance Co.,* 12 Iowa, 126; *Bloom v. Insurance Co.,* 94 Iowa, 359. But the policy contains a provision as follows: "It is stipulated that no agent or employe of this company, or any other person or persons than the general manager of the Western department, at Chicago, Ill., shall have power or authority to waive or alter any of the terms or conditions of this policy, or to make an endorsement hereon, and all agreements by the general manager must be

signed by him." It appears that the general manager of the Western department was J. J. McDonald, and that the only letters of the defendant to which we have referred, written by him, were those of February and March, 1895. As they were written before the loss occurred, they cannot be construed to deny liability for it. But the one written in March, 1895, stated the claim of the defendant, that the policy was then suspended, and may well be considered, in connection with the letters written after, but within sixty days of, the loss, to ascertain the ground on which the defendant denied liability for the loss. The letters written in the year 1896 were in response to letters written to the defendant, were in the name. of the defendant, and were signed, "Continental Insurance Company, per F. R. Millard, General Adjuster." Under these circumstances, the letters should be presumed to have been duly authorized by the defendant, and it had the power to waive proof of loss notwithstanding the requirements of the policy. See *Ruthven v. Insurance Co.*, 102 Iowa, 550; *Brock v. Insurance Co.*, 106 Iowa, 30; *Huesinkveld v. Insurance Co.*, 106 Iowa, 229.

V. The policy provides that, "if the property [insured] shall hereafter become mortgaged or incumbered  *  *  * without consent indorsed hereon, then  *  *  * this policy shall be null and void." It appears that several judgments were rendered against the plaintiff after the policy in suit was issued, and consent is not indorsed on the policy. It is shown, however, that the building insured was a part of the homestead of the plaintiff, and the judgments were not liens thereon. *Eddy v. Insurance Co.*, 70 Iowa, 472. Nor were they liens on the personal property insured.

VI. The policy provides that "any difference arising under this policy in case of loss may be settled by appraisal. *  *  * and, until such appraisal is submitted to, the loss shall not be payable." It is said that by reason of the provision set out, and the failure of the plaintiff to

demand an appraisal, she is not entitled to maintain this action. See *Dee & Sons Co. v. Key City Fire Ins. Co.,* 104 Iowa, 167. We do not find that this question was presented to the district court. The petition states that the plaintiff has performed every act necessary to comply with the terms of the policy and with the law. The defendant failed to plead specially the failure to submit to an appraisal, and it cannot at this time insist upon that defense. Code 1873, sections 2715, 2717; Code, sections 3626, 3628; *Hart v. Association,* 105 Iowa, 717.

VII.    There is nothing in this case which requires that doubtful questions be determined in favor of the plaintiff. The evidence tends to show that she well knew before the loss occurred that she had not paid the premium required by her contract. The payment made after the loss was not accepted, and did not confer any right upon her. *McMartin v. Insurance Co.,* 41 Minn. 198 (42 N. W. Rep. 934). She is, however, entitled to stand upon her contract as it is fixed by statute, and there is evidence which tends to show that the contract was in force at the time of the loss.

We conclude that the district court erred in sustaining the motion to direct a verdict. For the errors pointed out, the judgment is REVERSED.