W. C. McDonald, Appellant, v. Anchor Mutual Insurance Company, Apellee.

**Non-Payment of Premium:** FORFEITURE: *Demand for excess or short rates is notice.* Under Code, section 1727, requiring an insurance company to serve a notice on a policy holder, before his policy can be suspended, that his premium note is due, stating the amount necessary to pay the short rates up to the time for suspension fixed in the notice, and section 1729, directing the state auditor to publish a table of short rates, which shall "be the rate to be given in the notice" required

in the preceding section, and providing that "no greater sum than thus fixed shall be demanded," an insurance company will not be relieved from liability for a loss occurring after the time designated in the notice for the suspension of the policy, where the notice demanded the payment of $15 short rates instead of $14, as fixed by the state auditor.

*Appeal from Cherokee District Court.*—Hon. F. R. Gaynor, Judge.

SATURDAY, APRIL 12, 1902.

ACTION at law on a policy of fire insurance. Defendant pleaded plaintiff's failure to pay a premium note. The case was tried to the court on the pleadings and an agreed statement of the facts, resulting in a judgment for defendant, and plaintiff appeals.—*Reversed.*

*Ernest C. Herrick* for appellant.

*Sullivan & Sullivan* for appellee.

DEEMER, J.—June 30 1899, defendant issued the policy in suit. The consideration therefor was a note for $35, due in equal installments, in sixty and ninety days. The first half matured August 30, 1899. The next day defendant notified the plaintiff in writing that the amount was due, and that unless paid within thirty days the policy would be suspended. The notice demanded payment of $15 short rates, if the policy was canceled within the thirty days. A table of short rates was printed on the policy, and it is admitted that the short rate was not $15 but $14. Plaintiff did not pay the amount due, and on October 16th the property insured was destroyed by fire.

The only question in the case is, was the policy forfeited because of plaintiff's failure to pay the premium installment? The notice was sufficient in every respect, save in the statement as to short rates. Sections 1727 and 1729 of the Code read as follows:

"Sec. 1727. Forfeiture of Policies. No policy or contract of insurance provided for in this chapter shall be forfeited or suspended for nonpayment of any premium, assessment or installment provided for in the policy or in any note or contract for the payment thereof, unless within thirty days prior to or on or after the maturity thereof the company shall serve notice in writing upon the insured that such premium, assessment or installment is due or to become due, stating the amount, and the amount necessary to pay the customary short rates, up to the time fixed in the notice when the insurance will be suspended, forfeited or canceled, which shall not be less than thirty days after service of such notice, * * * , and no suspension, forfeiture or cancellation shall take effect until the time thus fixed, and except as herein provided, anything in the policy, application or separate agreement to the contrary notwithstanding."

"Sec. 1729. Short Rates. The auditor of state shall prepare and publish a table of the short rates provided for in the two preceding sections, which when published, shall be for the guidance of all companies covered by this chapter, and the rate to be given in the notice therein provided and no greater sum than thus fixed shall be demanded or collected. A copy of said short rates shall be printed on or attached to each policy."

The doctrine that forfeitures are not favored in law is so well settled that citation of authorities is hardly necessary in support of the rule. But see *Born v. Insurance Co.*, 110 Iowa, 379. For this reason, if for no other, this court has always held that statutes similar to the ones above set out are mandatory, and must be strictly followed. *Boyd v. Insurance Co.*, 70 Iowa, 325; *Marden v. Insurance Co.*, 85 Iowa, 584; *Smith v. Insurance Co.*, 108 Iowa, 388.

In recommending sections 1727 and 1729 for passage, the code commission in its report said, in effect, that the object to be attained thereby was to make definite and certain just what might be demanded for short rates for cancel-

lation. See section 45, page 57, Code Commission Report. The defendant did not comply with these provisions in that it incorrectly stated the amount necessary to pay the customary short rates up to the time fixed when the insurance would be forfeited or canceled.

Defendant contends, however, that the notice was a substantial compliance with the law, and that it had the right to cancel the policy. But we do not think a substantial compliance with the statute is sufficient. To so hold would invite interminable litigation, and an issue in every case regarding the sufficiency of the notice and the effect of misstatements therein. There is only one safe rule, and that is to require strict compliance with the terms of the law. If we should hold that a mistake of $1 in the statement of short rates does not vitiate the notice, we should then be called upon to determine whether a mistake of $1.50, $2, or $3 would, and there would be no end to the questions which might arise. Such a result should be avoided, and it is not difficult to do so if we but follow the established landmarks, and apply the rules of strict compliance hitherto established. The trial court was in error in holding that the policy was forfeited, and its judgment is REVERSED.