ALEXANDER et al, Respondents, v. HOME INSURANCE CO.,
Appellant.

(220 N. W. 525.)

(File No. 6020.   Opinion filed July 14, 1928.)

306

[redacted]

*Null & Royhl,* of Huron, and *Lord, Wire & Cobb,* of Chicago, Ill, for Appellant.

*Charles R. Hatch,* of Wessington Springs, and *Gardner & Churchill,* of Huron, for Respondents.

POLLEY, J. This action was brought to recover on an insurance policy. The policy was issued on the 14th day of July, 1923, and insured plaintiff against loss or damage by windstorm, cyclone, or tornado. The premium was not paid when the policy was issued, but, in lieu thereof, plaintiff gave defendant his promissory note for the amount of the premium payable on the 1st day of May, 1924. The policy went into effect on the 10th day of August, 1923, and covered a period of three years from that date.

The policy contains the following clause:

"But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation given for the premium remains past due and unpaid.

On the 1st day of April, 1924, defendant mailed to plaintiff from its office in Chicago the following notice:

"J. E. Alexander, Wessington Springs, South Dakota: Your premium note for insurance under policy No. GF544953 & A359098 in the Home Insurance Company, New York, falls due on the first day of May, 1924. Amount of note, $65.25, amount of interest, $2.48; amount to be remitted, $68.09. We enclose an addressed envelope in which please return this sheet with the amount due as above stated.

"Please remit promptly, making draft or check payable to the Home Insurance Company, New York.

"Your attention is directed to the back of this notice whereon will be found statement of the conditions relating to payment of the premium."

And on the back of said notice is the following:

"Conditions Relating to the Payment of the Premium.

"You have the right to either pay the premium as stated in this notice and keep the policy in full force, or to terminate the insurance by surrendering the policy and paying $28.94, the amount of the short rate earned premium lawfully due the company as of date corresponding with the day of maturity of the premium note.

"This right of cancellation is called to your notice because of a legal requirement of your state, and with no purpose or intention of suggesting that it will be to your interest to surrender the policy or that the company wishes you to take that action.

"Also, as required by law, your attention is called to the following condition of your policy, namely, 'It is expressly agreed that this company shall not be liable for loss or damage that may occur to the property herein described while any promissory note or obligation, or part thereof, given for premium, remains past due and unpaid.'"

The premium note was not paid when due, nor at all, and it is the contention of the defendant that, because of the failure to pay said note, and because of the notice sent out, the policy became suspended on the 1st day of May, and was not in force on the 14th day of June when the loss occurred.

Section 9191, Code 1919, provides that:

"No policy of insurance shall, by virtue of any condition or provision thereof, be forfeited, suspended or impaired for non-payment of any note or obligation taken for the premium or any part thereof, unless the insurer shall, not less than thirty days prior to the maturity of such premium note or obligation, mail, postage prepaid, to the assured at his usual postoffice, a notice stating:

"1. The date when such note or obligation will become due.

"2. The amount of principal and interest that will then be due.

"3. The effect upon the policy of nonpayment.

"Such notice shall further inform the insured of his right, at his own election, either to pay in full and keep the policy in full force or to terminate the insurance by surrendering the policy and

paying such part of the whole premium as it shall have earned, and must further state the amount which assured is lawfully required to pay, or which, on account of previous payment, may be due him in case of his election to terminate the insurance on the day of the maturity of the premium note or obligation."

This section of the Code was in force when the policy was issued, and therefore is as much a condition of the policy as though it had been incorporated into the policy itself. Epiphany Roman Catholic Church v. German Insurance Co., 16 S. D. 17, 91 N. W. 332.

The notice above set out was given pursuant to this provision of the law, and it is the contention of the defendant that the notice was sufficient to, and did, suspend liability on the policy. On the other hand, it is contended by plaintiff that the notice was insufficient to suspend such liability: First, because it was not mailed to plaintiff 30 days prior to the maturity of the note; and second, because it is not sufficient in substance to comply with the provisions of section 9191. If the second ground is good, the first is immaterial; therefore we shall consider the second ground first.

Subdivision 3 of section 9191 requires the notice to state the effect upon the policy of the failure to pay the premium note. This it does not do. It states the date of maturity of the note and the amount of principal and interest due. It also explains plaintiff's option to pay the note and continue the insurance, or to pay the short rate earned premium and terminate the insurance. It also directs plaintiff's attention to the condition in the policy providing that there shall be no liability on the policy if the note is not paid when due, but this provision is not self-executing, and can be made effective only by giving the notice required by section 9191. This question was involved in Epiphany Roman Catholic Church v. German Ins. Co., supra, and the notice was held to be insufficient. It is true, as claimed by defendant, that the notice in that case was defective in other respects, and such defects are treated collectively. But failure to state the effect on the policy of a failure to pay the note when due appears to be one of the grounds on which the notice was held to be insufficient. In Schultz v. Des Moines Mut. Ins. Co., 35 S. D. 627, 153 N. W. 884, Ann. Cas. 1917D, 78, we held that a notice that failed to state the effect of nonpayment of the note or obligation upon the policy was not

sufficient to terminate or suspend liability on the policy. The notice of cancellation provided for in section 9191, in order to be effective, must be peremptory, explicit, and unconditional. American Fidelity Co. v. Ginsberg Co., 187 Mich. 264, 153 N. W. 709; Marden v. Hotel Owners' Ins. Co., 85 Iowa 584, 52 N. W. 509, 39 Am. St| Rep. 316.

In Marden v. Hotel Owners' Ins. Co., 85 Iowa 584, 52 N. W. 509, 39 Am. St. Rep. 316, the Supreme Court of Iowa, considering this precise question, say:

"But the notice was not a compliance with the law, in that it did not state that if payment was not made the policy would be suspended, and the provision in the policy that the defendant 'shall not be liable for any loss that may occur while any pledge or assessment given for said insurance, or any part thereof, remains due and unpaid,' cannot avail the defendant, because it is expressly provided in the said act * * * that a policy shall not be declared forfeited or suspended for nonpayment of a note or contract for the premium 'except as hereinafter provided, anything in the policy or application to the contrary notwithstanding.' As we have seen, one of the requirements of the act is that the notice shall state that if payment be not made the policy will be suspended. The statute is absolute, and its provisions must be complied with in order to suspend a policy for the nonpayment of the premium. See Boyd v. Ins. Co., 70 Iowa 325, 30 N. W. Rep. 585. It is apparent that the defendant did not contemplate a suspension of the policy when the first notice was given, because, after the note became due, and on March 10, 1890, another demand was made, which was in no manner the demand required by statute. Instead of giving notice of a suspension of the policy in the event of nonpayment of the premium, it advised the plaintiff that suit would be commenced on the note. Our conclusion is that the demurrer to the answer was rightly sustained."

The information contained in the notice that the policy will lapse if the premium is not paid must be a direct, positive statement. "To say that in a declared event 'a policy will become forfeited, and void,' conveys a meaning easily to be comprehended. To refer to the policy and its conditions, and say that 'members neglecting so to pay are carrying their own risk,' is quite another thing, and while it may be comprehensible to those versed in the

language of insurers, and accustomed to their phraseology, it is not the language of the statute, and does not embody the notice which the statute requires." Phelan v. N. W. M. L. I. Co., 113 N. Y. 147, 20 N. E. 827, 10 Am. St. Rep. 441. In this case there is merely a reference to the forfeiture clause in the policy without any intimation that the policy would be forfeited if the premium were not paid.

The law requiring notice of forfeiture to be given before the policy can be forfeited must be strictly complied with, and, in the absence of such a notice, there is no right to declare the policy forfeited. Carter v. Brooklyn L. Ins. Co., 110 N. Y. 15, 17 N. E. 396.

There is nothing in the notice mailed to plaintiff on the 1st day of April that indicates an intention on the part of defendant to cancel the policy on the 1st day of May, if the premium note were not paid on or before that date. On the contrary, the subsequent conduct of the defendant shows very conclusively that it regarded the policy as in force after that date, for on the 2d day of June, 1924, only a few days prior to the loss, defendant wrote plaintiff as follows:

"The note given by you for premium under policies GF544953 & A359098, $65.25 with interest $3.15 total $64.80 due May 1, 1924, is unpaid.

"The letter will remind you of the obligation.

"In view of the importance of the note being paid, immediate action on your part is desirable in order that your property described in the policies may be protected by your compliance with their printed conditions to which we respectfully refer you.

"We are sure that you cannot afford to allow your property to be without protection, and we believe that the payment of this note accepted by the company for premium was simply overlooked by you.

"Awaiting your prompt remittance of the amount due, we remain," etc.

There is not an intimation in this letter that the policy had been conceled or suspended on the 1st day of May. Had it been canceled or suspended on that date, there would not have been due $65.25, with interest to date, but only the sum of $28.94, the short rate earned premium, with interest as shown by the notice sent out on the 1st day of April.

It will be noted that the interest due on the note on the 1st day of May was $2.84, while on the 2d day of June the interest was $3.15. The note could not earn interest except because of liability on the policy. If liability on the policy had ceased, interest on the note would have ceased also.

The logic of defendant's defense, and position taken by it in this court, is plainly this: So long as there was no loss, the policy was in full force and effect, and the full amount of the premium was due, but ,if a loss occurred after the 1st day of May, then the policy had been suspended on that day. In other words, it is a plain case of "Heads I win, tails you lose."

It is contended by defendant that no notice of loss was given within the time prescribed by the policy, but it is not contended by defendant that it was in any manner prejudiced by the delay in giving this notice, nor was any such objection made when the notice was received. Defendant denied all liability on the policy at the time of the loss, and, so far as its liability was concerned, it was wholly immaterial when the notice of loss was received. Moreover, this phase of the case is fully covered by statute. Section 1447, C. 1919, reads as follows:

"Delay in the presentation to an insurer of notice or proof of loss is waived, if caused by any act of his, or if he omits to make objection promptly and specifically upon that ground."

Other questions presented by defendant are wholly immaterial to its rights. When amount of the judgment is paid, whether to plaintiff Alexander or to the South Dakota Rural Credit Board, the judgment will be satisfied as against both plaintiffs.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur.
CAMPBELL, J., dissents.