JACOB FRANE, Appellee, v. BURLINGTON INSURANCE COMPANY, Appellant.

1. **Fire Insurance:** INCUMBRANCES: KNOWLEDGE OF AGENT: EVIDENCE. Where the partner of an insurance agent was informed, in the presence and hearing of the agent, of the plaintiff's purchase of certain premises, and of his intention to give a mortgage thereon, and, at the request of the plaintiff, drew up such mortgage, took the acknowledgment thereof, drew an assignment of an insurance policy upon the mortgaged premises, and being requested by the plaintiff to have done whatever was necessary to perfect the assignment, delivered the policy, as assigned, to his partner, and informed him of the sale and mortgage of the insured premises, and what was desired in regard to the policy, and the agent approved the assignment, and sent it to his company, informing them of the sale, but not of the mortgage, *held*, that the evidence warranted the jury in finding that the agent's approval of the assignment was done with knowledge of said mortgage.

2. ———: ———: ———. Where an agent for a fire insurance company made contracts for insurance, and issued policies for the company, collected premiums, approved assignments of policies, and gave notice of losses, *held*, that notice to such agent of a mortgage upon the insured premises was notice to the company.

*Appeal from Ringgold District Court.*—HON. JOHN W. HARVEY, Judge.

WEDNESDAY, JANUARY 25, 1893.

ACTION on a policy of fire insurance. There was a trial by jury, and a verdict and judgment in favor of plaintiff. The defendant appeals.—*Affirmed.*

*Newman & Blake*, for appellant.

*Laughlin & Campbell* and *R. H. Spence*, for appellee.

ROBINSON, C. J.—In May, 1889, the defendant issued to Enoch Atwood a policy insuring him for the term of five years against loss by fire, on his dwelling

house, to the amount of three hundred and fifty dollars. Other property was also covered by the policy, but it is not involved in this action. In March, 1890, Atwood sold the dwelling house, and the land on which it stood, to the plaintiff, and assigned to him so much of the policy as included the house, and the assignment was approved by the defendant. The house was destroyed by fire during the next month, notice thereof was given, and proof of loss was made, as required by law. The insurance was based upon an application, which was made a part of the policy, and the representations therein contained were made warranties on the part of the assured. The policy further provided that, if the property should be incumbered by mortgage, then, unless the consent of the president or secretary thereto should be indorsed on the policy, it should be void. It also provided that no officer, agent, or representative of the company, nor any other person excepting the president or secretary, in writing indorsed on the policy, should have any power to waive any of the conditions thereof, or any of the legal rights of the company, and that no officer, agent, or representative of the company was empowered to make any verbal agreement about the policy, either before or after a loss.

In accepting an assignment of the policy, the plaintiff signed an indorsement thereon to the effect that the statements contained in the application were true, and warranted by him to be true, and that there had not been any violation of the conditions or stipulations of the policy. The approval was made subject to the conditions of that indorsement. The application showed that the land on which the house stood was incumbered by a mortgage to the amount of seven hundred and fifty dollars. When the plaintiff purchased the premises, he assumed the payment of that mortgage, and gave to Atwood a second one for the sum of

nine hundred and fifty dollars. Both the mortgages were in force when the house was destroyed. The defendant insists that it had never consented to the second mortgage, and had no knowledge of it when the assignment was approved, and that in consequence the policy is void. The plaintiff contends that full knowledge of the mortgage was communicated to one Armstrong, an agent of the defendant, who received the policy after the assignment was made, and sent it to the defendant for approval, and that the defendant was chargeable with his knowledge at the time· the assignment was approved. Whether he knew of the second mortgage when he received the policy to forward to defendant, and whether his agency in the transaction was of such a character that his knowledge of the facts was imputable to. the defendant, are the controlling questions in the case.

I.   Before January 1, 1889, O. C. House was the agent for the defendant at Tingley. His agency ceased

1. FIRE insurance: incumbrances: knowledge of agent: evidence.

on the day named, and he was succeeded by T. F. Armstrong. The application for the policy, however, was taken by an agent named Bailey, in May, 1889; and Armstrong had no knowledge of it, nor of the insurance in question, until the time of the purchase, by the plaintiff, of Atwood. At that time Armstrong and House were copartners in a real estate and insurance business at Tingley. The plaintiff went into their office, and, in the presence and hearing of Armstrong, told House of the purchase, and of the mortgage he was to give, and asked him to go to the residence of Atwood, and draw the mortgage, and take the acknowledgment necessary. House went, as requested, and drew the instruments required. He was shown the policy, drew the assignment thereof, which was signed by Atwood and the plaintiff, and was requested by the plaintiff to have done whatever was necessary to perfect the assignment. He took the

policy, as assigned, to Armstrong, told him of the sale to the plaintiff, and of the mortgage he had given, stated what was desired in regard to the policy, and gave it to Armstrong to have the assignment approved. Armstrong sent the policy to the defendant, with the information that Atwood had sold his farm, and that a transfer of the insurance on the house was desired, but failed to mention the second mortgage. He denies that he had any knowledge of it when he sent the policy to the defendant; but the evidence that he had been fully informed in regard to it, as stated, was direct and positive, and the jury were fully authorized to find that it was true.

II. There is some conflict in the evidence in regard to the powers which Armstrong exercised as agent.

2. —: —: —. House testifies, in effect, that he had a recording agency, and made contracts of insurance and issued policies for the defendant. Armstrong admits that he had a recording agency, but claims that he issued policies, without first having the approval of the defendant, only on mercantile risks, and that in case of farm risks he only received and forwarded applications, on which, if approved, the policies were issued by the defendant, and forwarded to him for delivery, or sent direct to the applicant. Armstrong does not say that his power to issue policies without the approval of the defendant was limited to mercantile risks. His authority was in writing but was not produced on the trial. It appears that he was in the habit of collecting and forwarding to the defendant money due it for premiums, that he approved the assignment to the plaintiff of the policy in suit, and that it was approved by the defendant at his instance. He notified the defendant of the fire, and, acting on that notice, the defendant sent an adjuster to examine in regard to the loss. The evidence tended to show that Armstrong exercised the functions of a general agent of the

defendant, in transacting its business at Tingley, with its approval; and the jury were authorized to find that notice to him of the mortgage in question was notice to the defendant. It is true he was not in any manner connected with the issuing of the policy; but, when he received it for the purpose of having the assignment approved, he made it to that extent, a part of the business of his agency. If the defendant approved the assignment with knowledge, through its agent, that the second mortgage had been given, it can not now be heard to deny its liability on the policy because of that mortgage.

The evidence is sufficient to sustain the verdict, and we find no ground for disturbing the judgment of the district court. AFFIRMED.