HENRY BORN v. THE HOME INSURANCE COMPANY, Appellant.

Insurance: CONTRACT: WHAT LAW GOVERNS. The law of the place where an agreement is finally consummated will govern the contract, unless it is shown that the same was to be performed elsewhere.

Contract of Insurance: WHERE COMPLETE, Where an application for insurance is taken by a local agent and sent to another

state for approval by a general agent under a stipulation that it should not be binding until there approved, and the approval is there made, except as to the premium, which is increased and the local agent so notified, the contract is not complete until such change is agreed to by assured, and in the absence of a showing that he accepts by letter direct to the general agent, the contract will be considered as completed at the place of residence of the local agent.

Same.    Where a contract of insurance is approved in part by the
3        company and a counter proposition made as to that part, it
· ·      becomes effective by an acceptance of the change by the
         assured.

Representation of Title.    A statement by assured in his application
· 4      for insurance that he holds an equitable title, when he in fact
         has a contract for the land which he has pledged as security
         for a debt, is not a misrepresentation as to title.

*Appeal from Cedar District Court.*—HON. W. N. TREICH-
         · LER, Judge.

TUESDAY, MAY 12, 1903.

ACTION on a fire insurance policy.    Trial to the court, and a judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*McVey, McVey & Grham* for appellant.

*Smith & Smith* for appellee.

SHERWIN, J.—This is the second appeal in this case. The decision on the first appeal is reported in 110 Iowa, 379, where a full statement of the facts will be found. We there held that sections 1729 and 1730 of McClain's Code had not been complied with, and that the notice sent to the plaintiff was not sufficient to suspend the policy. To avoid the effect of that holding, the defendant urges that the contract is an Illinois contract, and that the statute in question does not apply thereto or control it. With this contention we cannot agree. It is, of course, elementary that a contract is never made until the minds of the

parties meet, and they have agreed to exactly the same thing. When this has been done, the place where the agreement was finally consummated becomes the place of

1. CONTRACT: what law governs.
the contract; and, unless it be shown that it was the intention of the parties that it should be performed at some other place, it will ordinarily be governed by the law of the place where it was executed. The plaintiff's written application for insurance was taken by the defendant's local agent. It asked for tornado as well as fire insurance, and the agreed premium for both was $66, for which the plaintiff executed and delivered his notes to the agent. Both were sent by the agent to the defendant's Western department at Chicago for approval. The application stipulated that no liability should attach until it was so approved. It was received and approved by the Chicago department in all respects, except as to the amount of the premium. This was raised $8, making the combined premium $74, instead of $66. The additional amount was charged to the local agent, and afterwards remitted by him to the defendant—just when does not appear. The policy was countersigned at Chicago on the 23d day of May, 1893, and afterwards delivered to the plaintiff; but whether by letter or by the agent who took the application does not certainly appear, although it does appear that the agent kept the policy in his safe for the plaintiff, and from this an inference may perhaps be drawn that it was delivered to the plaintiff by him. But however this may be, we do not deem it controlling. The real question is, where was the contract completed?

It was not in Chicago, when the application was received, because of the requirement that additional premuim be paid, and it could not have been completed until

2. CONTRACT of insurance: where complete.
this requirement was assented to by the plaintiff. The $8 was charged to and remitted by the agent, and there is absolutely nothing indicating any correspondence by letter between the

plaintiff and the defendant relative to this matter. The agent, then, must have been the medium through whom information was conveyed to the plaintiff of the additional charge; and, if this be true, his assent thereto must have been given in this state, and the contract finally completed here. On this point we adopt the defendant's quotation from 1 May, on Insurance (4th Ed.) section 66: "It follows from the rule that the contract is completed when the proposals of the one party have been accepted by the other by some appropriate act signifying the acceptance, that the place of the contract is the place of the acceptance. And if an agent, residing in one state, of an insurance company, resident in another, forwards the requisite papers to the home office, and a policy is thereupon issued and mailed directly to the applicant, the contract is a contract made in the state where the home office is situated; and, since the acceptance is the test of completion, it would seem that a transmission of the policy by mail to the agent, to be delivered by him to the applicant, would have the like effect." See, also, same vol., section 43; *Marden v. Hotel Ins. Co.*, 85 Iowa, 584; *Stephens v. Capital Ins. Co.*, 87 Iowa, 283. In *Commonwealth Mut. Fire Ins. Co. v. Knabe & Co. Mfg. Co.*, 171 Mass. 265 (50 N. E. Rep. 516), it was held that the contract was a Massachusetts contract, because it was completed there, and a delivery of the policy made by letter to the defendant's agents. In *Allgeyer v. State of Louisiana*, 165 U. S. 578 (17 Sup. Ct. Rep. 427, 41 L. Ed. 832), it was conceded that the policy was a New York contract, and the question we are considering was not there determined.

The agreement that no liability should attach until there was an approval of the application by the defendant cannot, alone, change the situs of the contract, for that 3. SAME. meant simply that the company should not be liable until it had approved the contract

made by its local agent; and when it disapproved it in part, and made a counter proposition, which was accepted by the plaintiff, it would be idle to contend that it must reaffirm its own act. This was an Iowa contract, controlled by the statute in question.

It is said that the plaintiff misrepresented his title, and that he mortgaged a part of the property in violation of his contract. He stated that he had an equitable title, and this, we think, was true. He held 4. REPRESENT-ATION of title. a contract for the land, which he had pledged as security for a debt. Surely his title, under the contract, was correctly stated, and the fact that he had pledged this interest did not change its character. Moreover, the defendant's agent who took the application had full knowledge of the exact condition of his title, and by that the defendant is bound. *Jordan v. State Ins. Co.*, 64 Iowa, 216; *Siltz v. Hawkeye Ins. Co.*, 71 Iowa, 710; *Scott v. Ins. Co.*, 98 Iowa, 67. The contention that the property was mortgaged was settled adversely to the defendant on the first appeal, and is the law of the case.

The judgment is AFFIRMED.