ARNOLD et al. v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES (ARNOLD et al., Interveners).

(District Court, S. D. Iowa, C. D. September 20, 1915.)

1. INSURANCE ⬤❯400—LIFE POLICY—INCONTESTABLE CLAUSE.

A policy of life insurance contained a clause that "this policy becomes incontestable * * * one year from its date of issue." A statute of the state provided that misrepresentation of the age of the insured without fraud in fact should entitle the insurer only to a deduction from the amount of the policy of the difference between the premiums paid and those which would have been payable if the true age had been given, with interest. *Held*, that the incontestable clause precluded the insurer from making a defense on account of a misstatement of the age of the insured in the application, not only as to all, but to any part, of its liability.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. ⬤❯400.]

2. INSURANCE ⬤❯585—LIFE INSURANCE—BENEFICIARIES.

The beneficiaries named in a policy of life insurance, which contains no provision giving the insured authority to change the beneficiaries, are entitled to the proceeds of the policy, notwithstanding a different disposition made by the will of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1461–1468; Dec. Dig. ⬤❯585.]

At Law. Action by Henry A. Arnold and N. P. Christansen, executors of the will of Lois G. Stuart, deceased, against the Equitable Life Assurance Society of the United States, in which Belle J. Arnold and others intervened. Judgment against defendant, and in favor of interveners.

J. H. Ross and S. C. Kerberg, both of Audubon, Iowa, for plaintiff.

Henry & Henry, of Des Moines, Iowa, and J. M. Graham, of Audubon, Iowa, for defendant.

F. O. Hinkson, of Stuart, Iowa, W. R. Green, of Council Bluffs, Iowa, and Sullivan & Sullivan, for interveners.

WADE, District Judge. This is an action upon a policy of life insurance for $10,000 issued to Lois G. Stuart April 17, 1897, in lieu of a policy for the same amount issued October 18, 1890, which was returned to the company. This exchange of policies was made at the request of the insured in order to change the beneficiaries.

The plaintiffs are the executors of the estate of the insured, who bring this action because the insured devised the proceeds of the policy to certain persons not named therein as beneficiaries. The interveners are the beneficiaries named in the policy, and by their petition of intervention contend that the provisions of the will of the insured, changing the beneficiaries of the policy, are void and of no effect.

The defendant admits the execution of the policy, and does not deny liability thereon for a portion of the policy; but it alleges that, in the application by the insured, she represented her date of birth as December 22, 1830, when in fact she was born December 22, 1829, and because of this misstatement the defendant claims that it is only liable for the face of the policy, less the amount which would represent the difference between the premium paid and the premium which she should have paid, at her true age, which, together with interest, amounts to $1,793.79, or at most that it should be liable only for the amount of insurance which could have been purchased with the premium actually paid.

Plaintiffs and interveners contend that by the terms of the policy it is made incontestable after one year, and therefore that the defendant is liable for the full amount thereof, and cannot rely upon the partial defense pleaded. They also contend that the defendant cannot plead the misrepresentation, because of the failure to attach a copy of the application to the policy, as required by section 1741 of the Code of Iowa, and they plead a settlement effected at the end of the tontine period, and they further allege an estoppel.

[1] The policy issued contains the following statements prominently displayed thereon:

"This policy becomes incontestable, and grants freedom of residence, travel, and occupation one year from its date of issue."
"*Incontestable and 'unrestricted' after one year.*"

No question is made that these statements upon the policy form part of the contract between the parties. The application for the original policy, which was exchanged for the policy in suit, contained the following clause:

"*Incontestability.*—After two years from the date of issue, the only conditions which shall be binding upon the holder of the policy are that he shall duly pay the premiums, and observe the regulations of the society as to age and service in war. In all other respects, if the policy matures after the expiration of two years, the policy shall be *indisputable.*"

It will be observed that after the issuance of the first policy in 1890, and before the issuance of the policy in suit in 1897, the defendant company had reduced its period of incontestability to one year, and made it absolutely unconditional. At the time the policy was issued, Code, § 1813, was in force, and is as follows:

"*Misrepresentation of Age.*—In all cases where it shall appear that the age of the person insured has been misstated in the proposal, declaration or other instrument upon which any policy of life insurance has been founded or issued, then and in such case the person or company issuing such policy shall, upon the discovery of such misstatement, be permitted to demand and collect the difference of premium, if any, which would be due, with interest not to

exceed six per cent. per annum, and payable on account of the true age of the assured, from year to year, according to the rates of premium of such person or company upon which such policy was issued; or such person or company so issuing the policy may, after the decease of the assured, deduct from the amount payable by such policy the difference of premium, if any, with interest, which would so have been payable from year to year, by reason of any difference of age at time of issuance of such policy; and no other defense or deduction by such person or company issuing such policy shall be permitted, after the death of the person assured, on account of such misstatement of age of the assured, notwithstanding any warranty of such statement of age by terms of policy or otherwise, except when it be shown by the person or company insuring that the policy was procured by fraud in fact."

There is a controversy in the case as to whether the policy in suit is an Iowa contract, or New York contract; but upon this question it becomes immaterial, because there is a presumption that the New York law is the same as the law of Iowa. Born v. Home Insurance Co., 120 Iowa, 299, 94 N. W. 849; Marden v. Hotel Insurance Co., 85 Iowa, 584, 52 N. W. 509, 39 Am. St. Rep. 316; Sieverts v. National Benefit Association, 95 Iowa, 710, 64 N. W. 671.

Does the "incontestable clause" in this policy prevent the defendant from making the partial defense pleaded herein? These clauses have been uniformly upheld, and uniformly construed against the insurer. It has been seriously contended that such clauses should not be effectual as against actual fraud; but, even as to the most gross frauds, it is now well settled that the incontestable clause is effectual. One of the leading cases upon this question is Massachusetts Benefit Life Association v. Nora Robinson, 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 261, which reviews the authorities fully, and concludes:

"It would seem therefore to be the rule that, in regard to every matter which would have the effect of defeating or destroying the contract, the incontestable clause would be controlling, and stipulations in the policy to the contrary must yield."

In Great Western Life Insurance Co. v. Snavely, 206 Fed. 20, 124 C. C. A. 154, 46 L. R. A. (N. S.) 1056, the Circuit Court of Appeals, Ninth Circuit, says:

"The incontestable clause in the present policy is very general, excepting nothing from its scope, and by the strong current of authority precludes any defense after the expiration of one year on account of false statements, warranted to be true, although they may have been made for a fraudulent purpose. This is true as spoken of the original policy. The grounds for its support are that insurance companies, in order to obtain business, represent that they will issue policies incontestable as to certain matters after a designated period, and individuals negotiate with them on that basis. Furthermore, the clause constitutes in effect a short period of limitation, which it is perfectly competent for the parties to agree upon. While it is true that fraud vitiates all contracts, yet in contracts of the kind, where the beneficiaries are placed at a disadvantage because the dead cannot speak, it is not contrary to public policy for the parties to agree that the company shall be precluded upon the subject after some specified time, reasonable, within which to make investigation. The clause lends stability to the contract, and renders life insurance of greater value to the insured and beneficiary. The subject is exhaustively and ably discussed in Massachusetts Life Ass'n v. Robinson, 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 261. See also Wright v. M. B. L. Ass'n, 118 N. Y. 237, 23 N. E. 186, 6 L. R. A. 731, 16 Am. St. Rep. 749; Teeter v. United Life Ins. Ass'n, 159 N. Y. 411, 54 N. E. 72; Austin v. Mutual Reserve Fund Life

Ass'n (C. C.) 132 Fed. 555; s. c., 142 Fed. 398, 73 C. C. A. 498, 6 L. R. A. (N. S.) 1064; 25 Cyc. 872."

In Wright v. Mutual Benefit Ass'n, 118 N. Y. 237, 23 N. E. 186, 6 L. R. A. 731, 16 Am. St. Rep. 749, the Court of Appeals of New York, says:

"No doubt the defendant held it out as an inducement to insurance by removing the hesitation in the minds of many prudent men against paying ill-afforded premiums for a series of years, and in the end, and after the payment of premiums, the death of the insured, and the loss of his and the testimony of others, the claimant, instead of receiving the promised insurance, is met by an expensive lawsuit to determine that the insurance which the deceased has been paying for through many years has not, and never had, an existence except in name. While fraud is obnoxious, and should justly vitiate all contracts, the courts should exercise care that fraud and imposition should not be successful in annulling an agreement to the effect that, if cause be not found and charged within a reasonable and specific time, establishing the invalidity of the contract of insurance, it should thereafter be treated as valid."

In Mutual Reserve v. Austin, 142 Fed. 398, 73 C. C. A. 498, 6 L. R. A. (N. S.) 1064, the Circuit Court of Appeals, First Circuit, says:

"To free the mind of the applicant for life insurance from apprehension raised by these numerous conditions and warranties, and to assure him that his beneficiary shall have a clear and incontestable right, is the ostensible purpose of the incontestable clause. Read as an independent clause, it is a strong inducement to the applicant. A construction which reads into it as permanent provisions the very conditions which apparently it was designed to terminate makes it not only inoperative, but exceedingly deceptive."

Under the terms of the policy in suit, no one would contend that the defendant could make an absolute defense upon the ground of misrepresentation as to age, or upon any other representation or warranty. Now, if the defendant could not make a defense to the whole policy, how can it make a defense to it in part? The policy is for $10,000. The defendant denies liability for $10,000, but admits liability for a smaller sum, and its denial of liability is based upon misrepresentation in the application for insurance. It is agreed that this misrepresentation was made, but it is contended that, under the terms of the policy, such misrepresentation cannot now be taken advantage of. It will be observed that the language upon this policy is as strong as it is possible to make it:

"This policy becomes incontestable * * * one year from its date of issue."

But this was not strong enough to express the intention of the insurer. Prominently displayed upon the policy are the words:

"*Incontestable and 'unrestricted' after one year.*"

"Incontestable" is not strong enough; it is "unrestricted"—absolutely without limit or condition. Is it possible that, under such language, the defendant reserved the right to make a partial defense, but that it bound itself not to make a defense to the entire amount. In Simpson v. Life Co., 115 N. C. 393, 20 S. E. 517, under an incontestable clause, the

court held that the defendant could not make a defense which affected only the amount. Burwell, J., says:

"The quality of incontestability could with no propriety be predicated to this contract of insurance if it was still allowed to the insurer to dispute its liability to the insured for the 'amount of the insurance.' * * * If this can be done, the policy is certainly not incontestable."

It must be borne in mind that, under the authorities, the language of the contract is to be construed most strongly against the defendant—

"and when the words used may, without violence, be given two interpretations, that which will sustain the claim and cover the loss should be adopted." Goodwin v. Provident Co., 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411.

"The policy having been prepared by the insurers, it should be construed most strongly against them." First Nat. Bank v. Hartford Co., 95 U. S. 673, 24 L. Ed. 563.

Justice Harlan, in Thompson v. Phœnix Co., 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408, says:

"If a policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured."

In Indiana Co. v. McGinnis, 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192, it is said:

"The incontestable clause is construed by us to be binding upon the appellant, and to mean just what it says, that 'after one year from the date of issue this policy shall be incontestable if the premiums have been duly paid.' "

Attached to the original policy issued in 1890, which is before the court, is a form letter, evidently sent out to all persons acquiring insurance, congratulating the insured, and emphasizing the achievements of the company. In this letter it is said:

"The Equitable was also the first company to make its policies absolutely incontestable after a limited period. By this concession the policy becomes practically a bond of the Equitable Life Assurance Society. The Equitable, in adopting this measure, removed an objection which has sometimes been made against life assurance, to the effect that the claims of policy holders might be contested after death, when they would necessarily be unable to defend their own characters and protect the interests of the beneficiaries under their policies."

This, of course, is no part of the policy. I simply refer to it as illustrating the reason why the courts have been so firm in refusing to recognize any exception to an incontestable clause, unless expressly reserved. As stated in the cases supra, this incontestable clause is no doubt a strong "talking point" in procuring insurance, and a strong reason for taking insurance.

It is not an uncommon thing to find a misrepresentation of age in an application for insurance. In this case, it is only one year. It might be ten, but the rule would be the same. Misrepresentation as to age is either a mistake or a fraud. In the absence of legislation, the insurer

would have an absolute defense to the policy, whether made by mistake or fraud; and yet no one would contend that, with the incontestable clause in the policy in suit, that such defense could be made.

Now the statute took away part of this right which the defendant otherwise would have. Certainly as to innocent misstatement, it deprived the company of the right to use such misstatement as a defense, although it reserved to the insurer the defense of actual fraud; but the statute created a new right which did not previously exist—the right to recover the difference between the contract premium, and the premium which the party should pay in view of his age. This right was in existence when this policy was issued. It is now asserted by the defendant that it is not liable for $10,000—the face of the policy. In the face of an absolute incontestable clause, it claims the right to contest the policy in part. The amount which plaintiff would be entitled to recover in case the statutory right is recognized would not be $10,000, but would be $8,206.21. If the misstatement had been ten years, instead of one year, the beneficiary would be entitled to but a small amount upon this policy.

In this case it is true that the parties agree that this misstatement was made; but suppose it were contended that the age given was correct, then it might involve an expensive and difficult investigation and trial—investigation and trial which might be rendered much more difficult and expensive because, as expressed in the Robinson Case, supra, the case must be "determined after the death of insured, when he could no longer be heard on the questions involving, not only the validity of his contract, but sometimes his character as well." In the majority of cases, life insurance is for the benefit of a widow and children. The incontestable clause is intended to free them from delay and annoyance and expense in acquiring the amount which had been carefully provided, and the courts have constantly construed these clauses to bar any attempt to invade the plain meaning and intent of the contract executed by the insurer. I am convinced that the partial defense pleaded cannot be sustained, and this view is decisive of the case, regardless of other questions involved.

[2] Now as to who shall recover the amount of this policy. The plaintiffs are the executors under a will which disposes of the proceeds of the policy in suit. The interveners are the beneficiaries in the policy. The policy is an unconditional "promise to pay to Belle J. Arnold and Elizabeth C. Beattie, children, and to the surviving grandchildren of Lois G. Stuart," upon the death of the insured. Under the contract the insured is given no authority to change the beneficiaries.

"Under a policy of life insurance, in the absence of any express stipulation authorizing a change of beneficiary by the assured without the consent of the original beneficiary, the beneficiaries named in the policy have a vested interest in the proceeds from the time the policy is taken, which cannot be defeated by an assignment without their consent." 25 Cyc. 778.

If beneficiaries cannot be substituted by assignment, they cannot by will. I find no authority justifying the recovery of the proceeds of this policy by the executors, plaintiffs herein. The interveners, being the persons specifically named in the policy, are entitled to recover.

Counsel for plaintiff will prepare a judgment entry, and submit the same to opposing counsel, reserving the proper exceptions, and opposing counsel may make the objections thereto, if desired, and the same can be presented for determination.