THE MUTUAL LIFE INSURANCE CO. *v.* HENLEY, GUARDIAN.

Opinion delivered October 9, 1916.

LIFE INSURANCE—FORFEITURE OF POLICY—DUTY OF COMPANY TO APPLY ACCRUED DIVIDEND.—Deceased owned a policy of life insurance in appellant company. Premiums were payable annually, semi-annually or quarterly, the annual premium falling due on December 8. Deceased failed to pay on December 8, but her husband remitted the amount of the premium due, less an accrued dividend, on January 18 following. Deceased died on March 17 next. *Held*, the appellant company would not under the facts be permitted to declare the policy forfeited.

Appeal from Monroe Circuit Court; *Thos. C. Trimble,* Judge; affirmed.

### STATEMENT BY THE COURT.

J. B. Henley, guardian for J. B. Henley, Jr., sued the Mutual Life Insurance Company of New York to recover $3,000.00, the amount of an insurance policy issued by it to Addie L. Henley, payable to J. D. Henley, Jr., her minor child.   The policy was issued on the 8th day of March, 1909, and Addie L. Henley died on the 17th day of March, 1915.   The premium was $46 98-100 payable in advance on December 8th of each year.   The husband of the insured paid the premium every year and always remitted to the Company the amount of the premium less the dividend.   The defendant was a mutual life insurance company and the dividends on the policy earned in 1914 were on December 8th, $13.02.   The Company gave the insured notice of the date of the payment of the annual premium.   The policy contained a clause which gave the insured thirty days of grace within which to pay the annual premium.   On January 4, 1915, the defendant wrote a letter addressed to Mrs. Addie Henley at her home at Brinkley, Arkansas, in which it notified her that the thirty days of grace allowed within which to make payment under her policy would expire on January 8, 1915.   The letter continued as follows:

"The amount due on that date is as follows:

Premium...........................$46.98
Less Dividend.................... 13.02

$33.96
Interest on total for 30 days at 5 per cent............................ .15

Total.....................$34.11

Kindly send check to cover."

On the 18th day of January, 1915, the husband of the insured mailed a check for the $33.96 to the insurance company.   The insurance company collected the check

and deposited it to what they called a suspense account. That is to say that did not apply the check in payment of the annual premium but wrote to the insured that her policy could be re-instated upon her submitting to a medical examination and sending the proper health certificate. In the meantime they retained the check for the premium and also the dividend. Other letters were sent to her and her husband urging her to submit to an examination and send in a health certificate for the purpose of re-instating her policy which the agent of the company claimed had been forfeited because the premium had not been paid prior to the 8th day of January, 1915. During the pendency of the negotiations Mrs. Henley was in the State of Texas on a visit, and died on March 17, 1915. The insurance company was notified of the death of Mrs. Henley. It then returned to her husband the amount of the check which he had sent to them on January 18th in payment of the annual premium on her policy. About a week later the husband received a check for $13.02 for the dividend. The insurance policy also contained the following: "Payment of Premiums:

"The company will accept payment of premiums at other times than as stated above, as follows:

"$24 42-100 ½ annually on each 8th day of December and June or

"$12 45-00 ¼ annually on each 8th day of December, March, June and September, provided such change is made on any anniversary of the date of this policy."

One of the agents of the insurance company testified that it had been the custom of Mrs. Henley, since she had taken out the policy sued on to apply her dividends on the payment of the annual premiums. He also testified that Mrs. Henley never asked to change the date of the payment of her premium. The case was tried before the court sitting as a jury. The court found the issues in favor of the plaintiff and a judgment was entered accordingly. The defendant has appealed.

*Rose, Hemingway, Cantrell, Loughborough & Miles, Frederick L. Allen* and *Lee & Moore,* for appellant.

1.   The court's finding of facts is not supported by the evidence.

2.   The court's finding of law is incorrect.   The court found that the dividend of $13.02 should have been applied to the payment of the premium due on Dec. 8, 1914, and in order to make this application the court found that the premium could have been paid in quarterly payments. The premium was payable annually.   The dividend could not be applied to the payment of the premium until directed by the insured and voucher signed.   104 Ark. 288.

2.   Courts cannot make contracts for parties but it is their duty to enforce them as the parties have made them.   There was no direction to apply the dividend to the premium and the company had no right to so apply it.   104 Ark. 288.

3.   When did the policy lapse?   The premium was due on Dec. 8, 1914, and the 30 days grace expired Jan. 8, 1915; hence the policy lapsed on that day.   25 Cyc. 284; 112 Ark. 178; Cooley Briefs on Ins., Vol. 3, p. 2277. In this case due notice was given.

4.   There is *one* case decided by this court holding that the company must apply dividends to the payment of insurance *on loans*.   Here there was no stipulation. 68 Ark. 505.   The policy expressly provided that the only option the company had was to pay the dividends in cash unless an election was made by the insured otherwise. 104 Ark. 288.   The premium was not paid until 10 days after forfeiture, and notice was given and the money placed in the suspense fund.

5.   To constitute a waiver the acceptance of a premium after due must be unconditional.   25 Cyc. 869, 871; 57 S. W. 678.   No agent can modify the terms of the contract or waive conditions.   231 U. S. 560; 35 N. E. 420.

*G. Otis Bogle* and *C. F. Greenlee*, for appellee.

1.   The court's finding that the policy had not lapsed was based upon positive proof.   Appellant had at all times in its hands sufficient funds of the insured to keep

the policy in force. The dividends should have been applied to prevent a forfeiture. 68 Ark. 522-3-4. Appellant was a purely mutual company, and the dividends were available as payment of premiums. As long as the company had money in its hands available to pay premiums, it could not declare the policy void. 111 Ark. 514, 518. See also 25 Cyc. 841, 843, 870; 47 S. W. 546. The policy *never lapsed.*

HART, J. (after stating the facts). The principle of law governing cases of this character is stated in the case of the *Union Central Life Insurance Co.* v. *Caldwell,* 68 Ark. 505, as follows:

"The proof showed that the assured had the right to have the dividends applied otherwise. In the absence of any stipulation in the policy, and of any directions otherwise by the assured as to the application of dividends which have been declared, it is the duty of a mutual company to apply such dividends to the payment of interest on loans made on the policy, when by so doing a forfeiture of all rights and benefits under the policy will be prevented. This is the rule in the case of premiums to keep the policy in force from year to year, and, of course, would be for the payment of interest on an ordinary loan, which prevents a sale of the policy."

The court said that the doctrine had its origin in that fundamental principle of justice which will compel one who has funds in his hands belonging to another, which may be used, to use such funds, if at all, for the benfit, and not to the injury, of the owner; for his consent to the one, and dissent to the other, will be presumed. Forfeitures are not favored either at law or in equity and so far as is reasonable contracts are to be construed so as to avoid a forfeiture. Policy holders' in a mutual insurance company are members of the corporation, and are entitled to have the officers and agents give just and reasonable protection to their rights. Insurance contracts are written on printed forms carefully prepared by experts of the company and it is not necessary to cite authorities to sustain the proposition that forfeitures are only en-

forced when it appears that this is the plain meaning of the contract.

In the instant case the premiums were payable annually on the 8th day of December and the policy contained a provision allowing thirty days of grace within which to pay the premium. The policy also contained a provision that the premium might be paid semi-annually or quarterly. Quarterly on the 8th day of December, March, June and September, in the sum of $12.45 for each quarter. The company had in its hands a dividend to the credit of the assured in the sum of $13.02. This was more than sufficient to pay the premium for the first quarter. But it is urged on the part of the insurance company that the assured had not elected to pay the premium in quarterly installments and that in the absence of such election the company was not required to apply the dividends to the payment of the premium because there was not sufficient amount on hand to pay the whole annual premium. We do not agree with counsel for the insurance company. In the application of the rule announced in the case above cited, we think the consent of the assured to the appropriation of the dividend to the payment of the first quarterly installment may be presumed. The assured contracted with the insurance company to pay her a stated sum at her death. She became a member of a mutual insurance company, the duty of whose officers, as we have already seen, is to give just and reasonable protection to the rights of the members. Hence it is not to be supposed that a member and policy holder would object to the company applying the dividend in its hands to the payment of the quarterly installment of his premium and thereby forfeit his policy and thus defeat the end sought to be accomplished by him in making the contract of insurance. The amount of dividends in the hands of the company belonging to the assured was $13.02. On the 18th of January, 1915, the husband of the assured sent his check to the company for $33.96, the balance of the annual premium. It had been the custom of the company to apply the dividend towards the payment of the annual premium.

When all the facts are considered in the light of the principles of law above stated, we think the court was right in holding there was no forfeiture of the policy and its judgment must be affirmed.