## LINCOLN HEALTH & ACCIDENT INSURANCE CO. v. JONES.

No. 23543.   Nov. 12, 1935.

Rehearing Denied Dec. 10, 1935.

Freeling & Box and Dan Welch, for petitioner.

Paul F. Showalter, for respondents.

Thos. W. Leahy and Forrester Brewster, for plaintiff in error.

Kimble, Twine & Robertson, for defendant in error.

PER CURIAM. On October 8, 1928, Lincoln Health & Accident Insurance Company, a domestic corporation, issued to Jennett McIntosh three policies of insurance, which, among other benefits, included also the features of life insurance policies. The beneficiary named in all three of the policies was Martha Jones, the niece of the insured. All premiums due under the policies were paid down to December 15, 1930. The insured died on or about April 8, 1931. All three of the policies called for weekly premium payments, with the proviso that failure to pay four successive weekly premiums shall cause a lapse of the insurance contracts. Soon after the decease of the insured, the beneficiary made demand on the insurance company for payment of the face amount stated in the three policies, and the insurance company having refused to comply with the demand, the beneficiary brought an action in the city court of Muskogee, alleging in her bill of particulars the issuance of said policies, the death of the insured, the designation of the plaintiff as beneficiary under the policies, and specifically alleging that all premiums down to the date of the death of the insured were paid in accordance with the terms of the policies. The procedure of the city court of Muskogee being governed by the rules of practice applicable to justice of the peace courts (sec. 6486, O. S. 1931), no written answer was filed by the insurance company. The trial resulted in a judgment in favor of the plaintiff. The cause was thereupon appealed to the district court where the case was tried to the court and jury de novo, but pursuant to the pleadings originally filed as is provided by section 1022, Okla. Stats. 1931. There the plaintiff again prevailed, and motion for new trial having been duly made and overruled, the cause is before us on appeal from the judgment overruling the motion for new trial.

At the trial the beneficiary, instead of proving the allegations to the effect that all premiums were paid down to the date of the death of the insured, affirmatively showed that premiums were paid until December 15, 1930; and in order to prevent the operation of the lapse provisions of the policies, she proved that from time to time tenders of premiums due were made and the insurance company refused to accept them, because the insured resisted an attempt by the insurance company to reform the policies by correcting the age therein stated, which the insurance company contended was misstated. To this evidence the insurance company objected upon the ground that the same constitutes a variance and departure from the bill of particulars. The court overruled the objection and this ruling is assigned as one of the errors.

Thereupon the defendant offered testimony tending to show that though the age of the insured, as given by her and as stated in the policy, was 50 years on the date the policies were issued, she was in fact on that date 68 years of age. Two of the three policies involved contained provisions to the effect that in the case of misstatement of age the insurance company should be liable for the amount which the true age would have purchased. The third policy provided that if the insured be in excess of 55 years of age at the time the policy was issued, the same should be null and void. The testimony was accordingly offered for the purpose of reducing the face amount of the first two policies to that which the true age would have purchased, and also for the purpose of defending against the third policy upon the ground that the same was void and did not cover the risk from the very beginning. The court sustained an objection to the admission of this evidence, and this too is assigned as error. Motions for directed verdict were interposed by both parties. The court overruled the one interposed in behalf of the insurance company, sustained the one in behalf of the beneficiary, and after first deducting the premiums due under the three policies for the period intervening between December 15, 1930, and April 8, 1931, instructed the jury to return a verdict for the difference. On the verdict so rendered, judgment was duly entered.

It is first contended by the insurance company that the variance from allegations to the effect that premiums were paid down to the date of the decease of the insured, to proof of tender of premiums, and the consequent estoppel which would arise therefrom, constitutes a fatal variance. Whether this be true had the case originated in a court of general jurisdiction, we need not decide. It is sufficient for our purpose to observe that the action originates in a city court where the rules of pleading and practice are governed by those which apply to justice courts. Section 6486, O. S. 1931. When the case was appealed from the city court to the district court of Muskogee county, the trial de novo was likewise subject to the rules of practice and procedure of

the justice of the peace court. Section 1022, O. S. 1931. The bill of particulars in a justice of the peace court may neither be tested nor criticised by the rules prevailing in a court of general jurisdiction where greater precision of pleading is required. The statute creating the pleading known as a "bill of particulars" (sec. 877, O. S. 1931) originates from Kansas. The uniform construction of that statute adopted both by the Supreme Court of Kansas as well as by this court, is to the effect that the pleading in question need only advise the nature of the cause of action, and a variance, which does not change the nature of the action, is harmless error. In Holden v. Lynn, 30 Okla. 663, 120 P. 246, this court quotes with approval the expression of Justice Brewer in the Kansas case of Lobenstein v. McGraw, 11 Kan. 645, wherein Justice Brewer said:

"It is not to be expected that a bill of particulars will be drawn with the same fullness and precision as a petition. Much of the business in justices' courts is done by the parties themselves, and not through the instrumentality of attorneys. It is well that this is so, for thus a convenient, expeditious, and cheap method of settling minor disputes, and collecting small accounts, is furnished to all. The justices themselves are selected not on account of their legal knowledge, but because of their good common sense. The chief value of these tribunals, to the poorer classes at least, would be lost if the rules of pleading in them were made so technical and difficult that the services of an attorney were necessary in every case. In the case before us there is no possibility that the defendant was misled by the bill of particulars, or that he failed to understand fully the nature of the claim made against him. The court, therefore, did not err in holding it to be sufficient."

The nature of the cause of action in the instant case, both when it was brought into court as well as after the variance took place, was and remains an action for breach of a written contract of insurance. It is not contended that the variance complained of affected any of the substantial rights of the insurance company. It is not claimed that the insurance company was surprised by the sudden shift. A different question would be presented had the insurance company moved for continuance because of this shift without notice. It follows, therefore, that the variance is harmless and the error predicated thereon, if error it be, is likewise harmless.

The next and vital contention is predicated on the court's action with respect to the defense offered by the insurance company. In excluding the evidence offered on the issue of misstatement of age contained in the policy, the court rested its ruling on section 10524, O. S. 1931, the applicable portions of which are as follows:

"No policy of life insurance shall be issued * * * by a life insurance company organized under the laws of this state unless the same shall at least provide in substance the following: * * *

"Third. That the policy, * * * shall be incontestable after two years from its date, except for nonpayment of premiums and except all violations of the condition of the policy relating to the naval or military service in time of war. * * *

"Fourth. That if the age of the insured has been misstated, the amount payable under the policy shall be such as the premium would have purchased at the correct age, or the premium may be adjusted and credit given to the insured or to the company, according to the company's published rate at date of issue."

It must first be observed that though the statute compels the insurance company to incorporate in its policies the two-year incontestable clause, the policies in the instant case do not in fact embrace it. The preliminary question, therefore, is whether the policies must be construed as if the incontestable clause were present in the policies. It is at least impliedly conceded by the parties that this preliminary question may be answered in the affirmative. But even if we are mistaken in the assumption, still the result is the same. It is the uniform rule that failure to comply with the mandatory provisions of the statute in question will result in reading the applicable provisions thereof into the insurance policy. Thompson v. New York Life Insurance Co., 9 Fed. Supp. 248 (Eastern District of Oklahoma); Great Southern Life Insurance Co. v. Jones (C. C. A. 8th Cir.) 35 Fed. (2d) 122; Mutual Life Insurance Co. v. Henley, 125 Ark. 372, 188 S. W. 829; Equitable Life Assurance Society v. Babbitt, 11 Ariz. 116, 89 P. 531, 13 L. R. A. (N. S.) 1046; 37 C. J. 511; 14 R. C. L. sec. 164, p. 990.

Aided by the construction which follows from the preliminary observation, the beneficiary contends that the two-year period provided by the incontestable clause having expired, the insurance company may not contest except in the instances enumerated in the third subdivision of the statute above quoted; and any other contest, including the one based on misstatement of age, comes too late. The insurance company argues that a contest for the purpose of giving effect

to misstatement of age contained in the policy is not a contest to repudiate the contract of insurance, but to affirm it. The contest here involved, says the insurance company, is for the purpose of paying to the beneficiary the true amount which the policies provide for in case the age stated in the policy is misstated. Any other construction, it is argued, would permit the insured to take advantage of his own wrong and would be contrary to public policy. The question thus presented is not free from difficulty. · Counsel for the beneficiary rely on Metropolitan Life Insurance Co. v. Peeler, 122 Okla. 135, 176 P. 939; Reliance Life Insurance Co. v. Thayer, 84 Okla. 238, 203 P. 190, and Mutual Life Insurance Company of New York v. Buford, 61 Okla. 158, 160 P. 928. These cases, however, are all based on a contest, the purpose of which is to disaffirm, and repudiate the policy as a whole. They are, therefore, perhaps controlling in so far as the third policy is concerned, where the insured's age being in excess of 55 years, the policy is by its terms wholly void; but these cases do not solve the difficulty created by the contention affecting the remaining two policies. Accordingly, the court must embark on independent investigation in order to reach a solution. An examination of the applicable cases brings to light the fact that there is a conflict of authorities. Those favoring the insurer argue that a defense for the purpose of affirming the policy, but for an amount less than its face value because of provisions contained in the policy compelling such a result, is not a contest within the meaning of the incontestable clauses contained in insurance policies. In other words, the argument proceeds on the theory that there are two classes of contests. One to enforce the policy and the other to repudiate it. These cases then conclude that if the contest is for the purpose of affirming the policy though to a limited extent, then it is not the quality of contest which is barred by the incontestable clause. Typical of these cases are Stean v. Occidental Life Insurance Co. (N. M.) 171 P. 786; Sipp v. Philadelphia Life Insurance Co. (Pa.) 142 Atl. 221. On the other hand, authorities favoring the insured argue that insurance companies, in order to meet competition, are offering the incontestable clauses as an inducement, and, therefore, the courts should construe them strictly against the companies and should not make the finality and certainty of the claim dependent on the degree and quality of the contest. Typical of this class is the case of Mutual Life Insurance Company of New York v. New, 125 La. 41, 51 So. 61, 27 L. R. A. (N. S.) 431. Here the court construes

the misstatement of age clause as pitted against the incontestable clause and says:

"Effect must be given, if possible, to both of the clauses of the policy copied above, for the special controls the general. But here there is no special controlling the general clause. One clause is as general as the other, and one does not for that reason modify the other. One of the conditions relates to the misstatement of the age, and that applies generally to all insured. The other condition relates to the incontestability of the policy after two years, and that applies equally to all insured. Another requirement, in order that the rule invoked by plaintiff's counsel may be applied, is that the conditions shall apply to the same subject-matter.

"Here they do not. One relates to adjustment on account of the misstatement of the age of the insured, and the other to the incontestability of the policy after the stated time. It follows that the conditions are different, and relate to a different subject-matter. * * *

"Both clauses, being general, are to be construed together, and effect given to the two. This can be done by holding that the company had ample time to make inquiry about the insured within the two years after the date of the policy. If he has understated his age, the company may readjust the policy contradictorily with the insured on the basis of his age, as before stated in the statement of facts, as a method to be followed in the readjustment of the policy. It has been decided in another jurisdiction that, if he has departed this life, the adjustment may be made contradictorily with the legal representative of his succession,—not a question involved here. But after two years have elapsed, defenses are no longer available, unless the grounds are excepted by the terms of the policy. A short term of prescription has been created by contract, within which the insurer, if ever, must test the validity of his policy. Clement v. New York L. Ins. Co.. 101 Tenn. 22, 42 L. R. A. 249, 1st column, 70 Am. St. Rep. 650, 46 S. W. 561. The company reserved to itself the right during two years, upon discovering that the age had been understated, to adjust the amount of insurance according to insurance companies' rules Ib. After the two years had expired, the second clause copied above becomes effective, and the first clause is not enforceable. Thereby effect is given to both clauses, otherwise, the second clause is entirely neutralized, and becomes entirely ineffective in so far as relates to proof of age. That was not intended, as we read the policy. Under the textual article of Civil Code, art. 1951, if it can be avoided, a clause should not be declared nugatory."

See, also, Arnold v. Equitable Life Assurance Society, 228 Fed. 157, and Simpson v.

Life Insurance Company of Virginia, 115 N. C. 393, 20 S. E. 517.

Whether or not this court should enter the conflict and choose between the two lines of authorities is perhaps not of immediate necessity. The cases which we have cited, and those on which they are based, which resolve the problem in favor of the insurance companies, are based upon clauses contained in the insurance policies and not upon statutes. If this court were free to deal with the question of construction of these clauses as contract provisions only, a choice would be fraught with perplexity. In our case, however, public policy, which some cases hold is involved, is settled by the very statute which we have quoted, and, therefore, it remains only for this court to construe the third and fourth subdivision of the statute in question. On this point the language which we have quoted from the Supreme Court of Louisiana in the Mutual Life Insurance Co. Case, where the court construes the policy and not a statute, may be paraphrased here without a single alteration. Two well-known rules of construction which are noted in all the cases may be repeated here. One is that ambiguities in insurance policies must be construed in favor of the insured, and the other is that, whenever a policy of insurance is susceptible of two constructions, one favoring the insurer and the other the insured, the courts will adopt that construction which is in favor of the insured.

While it is true that so far this court has not dealt with the precise question here involved, yet this does not mean that this court has not already sounded its warning. In cases where life insurance policies are sought to be set aside upon the ground of fraud in the procurement of them, there is also a conflict of authorities. (See the cases supporting the text in 14 R. C. L. p. 1199, sec. 380.) Yet this court has taken its place with a long line of well-reasoned opinions, holding that if the fraud is discovered after the incontestable clause has run, a defense based on it will come too late. Metropolitan Life Insurance Co. v. Peeler, 122 Okla. 135, 176 P. 939. Another warning is sounded by this court in Reliance Life Insurance Co. v. Thayer, 84 Okla. 238, 203 P. 190, in which the court construes the incontestable clause and defines the word "contest" as follows: "A contest is an earnest struggle for superiority or a defense." This being true, we may not, without invading the province of the Legislature, say that every contest, except those specifically stated in the incontestable clause of our statute, means only contests of a certain quality or going to a certain extent.

It follows from what we have already said that the misstatement of age provision can only be taken advantage of during the two-year period provided for by the incontestable clause. Of course, it goes without saying, that if this is the result with respect to the two policies which provide for an adjustment based on true age, then it would certainly apply to the third policy. There, the defense is a total repudiation of the policy. Such a defense could not be maintained under any of the authorities which we have cited. As to this last-mentioned policy, however, we might add an additional reason for our conclusion. The misstatement of age clause embraced in subdivision 4 of the statute when properly construed will, when it applies, entitle the parties to the policy to a readjustment based on true age. That clause does not appear in the third policy at all, and in lieu of this subject-matter, it is in that policy provided that if the age is in excess of 55 the policy shall become null and void. Obviously such a provision is in direct conflict with the statute. A fair construction of the misstatement of age clause of the statute will permit a readjustment based on true age regardless of what that true age may be. Our conclusion, therefore, is that the instructed verdict was proper and the judgment of the court below is accordingly affirmed.

The Supreme Court acknowledges the aid of Attorneys M. H. Silverman, Arden E. Ross, and O. H. Searcy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Silverman and approved by Mr. Ross and Mr. Searcy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur