**BANKERS SECURITY LIFE INSURANCE COMPANY, a Corporation, Plaintiff in Error,**

v.

**Jessie Benjamin KILLINGSWORTH, Defendant in Error.**

**No. 36472.**

Supreme Court of Oklahoma.

May 31, 1955.

Charles W. Stubbs, Oklahoma City, for plaintiff in error.

Frank E. Hensley, Oklahoma City, for defendant in error.

JOHNSON, Chief Justice.

The parties will be referred to as they appeared in the trial court.

The plaintiff, on October 6, 1953, as beneficiary, brought this action against the Bankers Security Life Insurance Company, upon a policy of life insurance issued on November 19, 1948, by the defendant, insuring the life of William Ray Killingsworth, who died on February 6, 1953.

The defendant answered, alleging among other things, that at the time the application for the policy was made, the insured was suffering from a serious disease that later caused his death, which disease, the plaintiff fraudulently and falsely concealed in his answers to the questions contained in the application relative to the health and physical condition of insured.

The court sustained plaintiff's motion for judgment on the pleadings, resulting in this appeal.

Defendant's defense is that the false answers of the plaintiff relating to insured's health in the application for insurance and made a part of the policy, constituted fraud and prevented recovery thereon.

Plaintiff argues that though the policy in question did not contain an incontestable provision, but that notwithstanding that fact, under 36 O.S.1951 § 218, with certain exceptions not applicable herein, the policy was incontestable after two years from its date.

■ That the policy was procured by fraud is admitted by the pleadings, under the motion for judgment thereon. Therefore, we must determine the legal question of whether the defrauded party under 36 O.S.1951 § 218, after expiration of two years, was barred from testing the validity of the policy even though such policy admittedly was procured by fraud.

■ We have consistently held that if the fraud is discovered after the incontestable clause in a policy has run, a defense based on it will come too late. Metropolitan Life Insurance Company v. Peeler, 122 Okl. 135, 176 P. 939, 6 A.L.R. 441, approved and cited in Meyer v. Johnson, 7 Cal.App.2d 604, 46 P.2d 822, 827; Henderson v. Life Insurance Co. of Virginia, 176 S.C. 100, 179 S.E. 680, 690, and Beasley v. Missouri State Life Ins. Company, 176 S.C. 156, 179 S.E. 777, 781, wherein it was said:

"The scope of the incontestable clause has been the subject of numerous decisions. The cases, including those of our own Supreme Court, will be found largely collated in annotations as follows: 6 A.L.R. 448; 13 A.L.R. 674; 35 A.L.R. 1491; 55 A.L.R. 549; 67 A.L.R. 1364; 85 A.L.R. 317."

We have also held that the two year incontestable clause required by the Statute, 36 O.S.1951 § 218, will be read into the policy, when and if the insurer fails to include it in the policy. Lincoln Health & Accident Insurance Company v. Jones, 175 Okl. 211, 52 P.2d 793, 795. Therein we said:

"It must first be observed that though the statute compels the insurance company to incorporate in its policies the two-year incontestable clause, the policies in the instant case do not in fact embrace it. The preliminary question, therefore, is whether the policies must be construed as if the incontestable clause were present in the policies. It is at least impliedly conceded by the parties that this preliminary question may be answered in the affirmative. But even if we are mistaken in the assumption, still the result is the same. It is the uniform rule that failure to comply with the mandatory provisions of the statute in question will result in reading the applicable provisions thereof into the insurance policy."

■ Without discussing the above cases or annotations in detail, it suffices to say on this point that we are satisfied that no reason appears why the two year incontestable clause is not applicable to the present controversy to the extent of the defense heretofore indicated as the policy must be construed as if the incontestable clause were present in the policy. Lincoln Health & Accident Insurance Co. v. Jones, supra.

The judgment is affirmed.

WILLIAMS, V. C. J., and CORN, ARNOLD, HALLEY, BLACKBIRD, and JACKSON, JJ., concur.